UNITED STATES of America,
Plaintiff,

v.

Clement G. CAFARELLI, Leo J. Puccinelli, and George T. Tayler,
Defendants.

Re Motion of the defendant
Leo J. Puccinelli.

No. Cr–28–29.

United States District Court
D. Utah,
Central Division.

June 25, 1959.

See also 183 F.Supp. 738.

A. Pratt Kesler, U. S. Atty., and William Jack Adams, Asst. U. S. Atty., for District of Utah, Salt Lake City, Utah, for plaintiff.

Eks Ayn Anderson and Leo A. Jardine, Salt Lake City, Utah, for defendant Clement G. Cafarelli.

Leonard W. Elton (of Rich, Elton & Mangum), Salt Lake City, Utah, for defendant Leo J. Puccinelli.

Lionel M. Farr, Salt Lake City, Utah, for defendant George T. Tayler.

John Lee, Salt Lake City, Utah, for Securities & Exchange Commission.

CHRISTENSON, District Judge.

■ Defendant Puccinelli has moved that counts 1 to 19, inclusive, of the indictment be dismissed on the ground that the Court is without jurisdiction because the offenses sought to be alleged therein were in substance and effect amended by dismissal of some of the counts as against other defendants. This motion as to each and all of the counts is denied, the Court being of the opinion that the dismissal did not comprise in form or substance an amendment to the indictment. Salinger v. United States, 272 U.S. 542, 47 S.Ct. 173, 71 L.Ed. 398; Meyers v. United States, 3 Cir., 1929, 36 F.2d 859, certiorari denied 281 U.S. 735, 50 S.Ct. 249, 74 L.Ed. 1150. Ex parte Bain, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849 and Edgerton v. United States, 9 Cir., 1944, 143 F.2d 697, relied upon by the movant are distinguishable.

Motion is made to dismiss counts 7 to 13, inclusive, as against defendant Puccinelli on the ground that said counts are ambiguous and unintelligible, or, in the alternative, are duplicitous as alleging two distinct acts in the alternative.

■ This objection stems from allegations to the effect that the defendant "knowingly placed or caused to be placed" certain material in the United States mails. If alternative allegations referred to two circumstances one only of which would constitute a crime, or if two different offenses involving separate and distinct acts were alleged in the disjunctive, or if the acts alternately charged were repugnant, there would be force to defendant's contention in this respect. See Troutman v. United States, 10 Cir., 1938, 100 F.2d 628. However, I am of the opinion that whether the single offense charged in each of the counts against the said defendant involved the placing or causing to be placed by him in the U. S. mails of the matter in question is a mere subsidiary detail, the statement of which may properly and without any prejudice to the defendant be stated in the disjunctive, Johnson v. United States, 5 Cir., 1953, 207 F.2d 314, certiorari denied 347 U.S. 938, 74 S.Ct. 632, 98 L.Ed. 1087, especially in view of the aider and abettor statute. 18 U.S.C. § 2(b); 15 U.S.C.A. § 77e(a) (2); see also United States v. Ansani, 7 Cir., 1957, 240 F.2d 216.

■ The defendant further says that count 19 charges separate and distinct offenses, and is ambiguous and unintelligible. A single conspiracy may have for its object and purpose the violation of two or more criminal laws. Troutman v. United States, supra. Even though as to some of the counts incorporated by reference with respect to alleged overt acts, some of the defendants have been dismissed, this does not change the allegations so adopted by reference for whatever they may charge by way of overt acts. Whether they charge an offense against a particular defendant is not determinative on the question of whether they charge overt acts for the purpose of the conspiracy count. It is believed that defendant's objections to count 19 are not well taken.

■ It is alleged that the Court is without jurisdiction because the offenses are cognizable only in the District of Nevada. As to count 19 there seems no possible basis for the defendant's objections. The counts charging use of the mails to defraud, 14 to 18, inclusive, involve 18 U.S.C. § 1341. This statute penalizes both the placing of material in the post office and causing of it to be delivered by mail under the circumstances mentioned in the statute. It is alleged that the deliveries were within the District of Utah and in this respect venue appears properly laid. The case of United States v. Ross, 10 Cir., 1953, 205 F.2d 619, relied upon by defendant involved a different section of the statute making the gist of the offense the deposit for mailing or delivery. 18 U.S.C. § 1461. Under this statute, it was properly held

that the offense was complete upon deposit.

■ Counts 1 to 13, inclusive, charge violation of the Securities Act of 1933, 15 U.S.C.A. § 77a et seq. With respect to jurisdiction of offenses and suits, 15 U.S.C.A. § 77v provides that the District Courts of the United States shall have jurisdiction of offenses and violations under this subchapter and under the rules and regulations promulgated by the Commission in respect thereto, and, concurrent with state and territorial courts, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter. Defendant claims that this provision has no application to criminal prosecutions. I am persuaded that it does, since it refers to "offenses" and "violations" in addition to suits in equity and at law and it refers to "this subchapter" which includes the criminal prohibitions relied upon by the Government. The constitutional implications of such a holding have been considered. United States v. Johnson, 323 U.S. 273, 65 S.Ct. 249, 89 L.Ed. 236, is not deemed in point especially in light of the positive declaration on the subject of jurisdiction and venue made by Congress in the Securities Act of 1933. The statute relied upon prohibits under the circumstances mentioned therein the use of any means or instrumentalities or transportation or communication in interstate commerce or by the use of the mails. In each of the said counts it is alleged in effect that the transportation or use of the mails was within the District of Utah, at least in substantial part. Venue-wise, and from the standpoint of constitutional implications there would seem to be as much or more reason to sustain a prosecution in this district under the circumstances charged as there would be to sustain here a prosecution for violation of the Dyer Act, 18 U.S.C. § 2311 et seq. in a case where the interstate transportation originated in one state and terminated here. I am of the opinion that the venue and jurisdictional requirements of the statute are met without violation of any constitutional right of the defendant. The defendant's motion in this respect is denied.

■ The defendant further contends that there is a wrongful joinder of defendants and offenses in the indictment. Rule 8 of the Federal Rules of Criminal Procedure, 18 U.S.C., permits two or more offenses to be charged in the same indictment by separate counts if they are of the same or similar character, or based on the same act or transaction or two or more acts or transactions connected together or constituting parts of a common scheme or plan. It is clear from the face of the indictment that the requirements of this rule have been satisfied.

■ Subdivision (b) of the same rule provides in effect that two or more defendants may be charged in the indictment if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. It is further provided that such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count. In view of the allegations common to each count and in view of count 19 charging an over-all conspiracy there seems no question but that this rule also is complied with in respect to the joinder of the defendants.

■ The motion of the defendant Puccinelli to dismiss the indictment, as to each and all counts thereof, upon the grounds, and each of them, stated in his motion, is hereby denied; however, for the reason that the following counts as to Puccinelli are believed not to state a public offense, and consistent with the theory of the rulings heretofore announced with respect to the other defendants, the following counts of the indictment are hereby dismissed as against the defendant Puccinelli: Counts 1, 2, 3, 4, 5, 6, 9, 10, 12, 13, 16 and 17.

■ The said defendant's motion for severance should be, and it is hereby, denied.