**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Victor Charles FOUR STAR, Defendant-
Appellant.**

**No. 25281.**

United States Court of Appeals,
Ninth Circuit.

June 29, 1970.

L. Neil Axtell (argued), Robert Hurly, Glasgow, Mont., for appellant.

Keith L. Burrowes (argued), Asst. U. S. Atty., Otis L. Packwood, U. S. Atty., Billings, Mont., for appellee.

Before HAMLIN, BROWNING, and WRIGHT, Circuit Judges.

PER CURIAM:

Victor Four Star was convicted of burglary on an Indian reservation in violation of 18 U.S.C. § 1153. He raises two contentions on appeal.

 His first contention is that certain admissions made to an FBI agent should have been excluded at trial on the ground that the agent denied him the effective assistance of counsel by interrogating him in the absence of, and without notice to, his appointed counsel.

Defendant was arrested by local police in Great Falls, Montana, on May 1, 1969, and charged with driving without a valid driver's license and burglary. While booking him on these charges, a police officer began to recite the *Miranda* warnings. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Defendant interrupted the officer, stating that he had heard the warnings before and was aware of his rights. The following day defendant was delivered into the custody of an FBI agent, who took him before a United States Commissioner. He waived proceedings before the Commissioner and asked to be bound over to the district court. The Commissioner appointed an attorney to represent him. The FBI agent then accompanied defendant to the county jail. There, he proceeded to question him about the burglary.

The FBI agent testified, and the trial court accepted his testimony, that before initiating any questioning he read de-fendant a form containing each *Miranda* warning, explained each warning in detail, had defendant read the form back to him, and had defendant read and sign a section of the form which stated in essence that he knowingly and under-standingly waived these rights.

We are bound by *Coughlan v. United States*, 391 F.2d 371 (9th Cir. 1968), to hold that these circumstances are suffi-cient to sustain the district court's find-ing that defendant voluntarily waived his *Miranda* right to have counsel present at the interview. We emphatically reit-erate, however, that in-custody interro-gation of an accused person known to be represented by counsel without affording counsel an opportunity to be present is undesirable (*Coughlan, supra* at 372), and that a prosecuting attorney who knowingly participates in such an inter-rogation or takes advantage of its results violates professional ethics. *Schantz v. Eyman*, 418 F.2d 11, 13 (9th Cir. 1969).

 Defendant's second contention is that the trial judge erred in acceding to the jury's request to reread the testi-mony of the FBI agent. As defendant concedes, whether to reread testimony to the jury upon their request is generally within the discretion of the trial judge. Here, the trial court clearly did not abuse its discretion. Defendant's own testimony had previously been reread to the jury without objection, and we find nothing in the instructions or other cir-cumstances attending the rereading of the agent's testimony which would have given it undue emphasis.

Affirmed.