**UNITED STATES of America,
Appellee,**

v.

**Billy Gene THOMAS, Appellant.
No. 72–1524.**

United States Court of Appeals,
Tenth Circuit.

Argued and Submitted Nov. 15, 1972.

Decided Feb. 16, 1973.

Certiorari Denied June 4, 1973.
See 93 S.Ct. 2758.

Robert L. Christensen, Albuquerque, N. M., for appellant.

Richard J. Smith, Asst. U. S. Atty. (Victor R. Ortega, U. S. Atty., on the brief), for appellee.

Before HILL and SETH, Circuit Judges, and CHRISTENSEN, District Judge.

SETH, Circuit Judge.

Defendant-appellant, Billy Gene Thomas, was found guilty by a jury on six counts charging the possession with intent to distribute, distribution of heroin and amphetamines, and conspiracy to so distribute in violation of several sections of 21 U.S.C. § 801 et seq., commonly called the Comprehensive Drug Abuse Prevention and Control Act of 1970.

Counsel was appointed for appellant by the court on September 22, 1971, following the filing of a criminal complaint against appellant on September 21, 1971. On September 28, 1971, appellant and his appointed counsel appeared at a preliminary hearing. The Government was present, represented by counsel. On September 29, 1971, the court denied a motion for reduction of the $10,000.00 bond it had previously set. Thereafter, on October 18, 1971, Special Agent in Charge of the Albuquerque Division of the Bureau of Narcotics and Dangerous Drugs, David Canaday, went to the New Mexico State Prison and obtained a written statement from appellant in the absence of and without the knowledge of plaintiff's attorney.

While appellant argues that he gave agent Canaday this statement only because he was promised that if he cooperated with the agents, he would be released from prison on his own recognizance and would be placed on probation, it is not disputed that the interview was requested by appellant and that appellant read and signed a Miranda type waiver of rights form.

On October 19, 1971, the indictment charging appellant was handed down. The next day, after agent Canaday admittedly conferred with the prosecuting attorney, appellant was released from prison on his own recognizance by the United States Magistrate on motion of the Government.

At appellant's trial, the statement was offered in evidence by the prosecution and was admitted over the objection of defense counsel. The circumstances surrounding the statement were developed. It was used by the Government in its cross-examination of appellant after appellant had voluntarily taken the stand to testify in his own behalf.

Appellant contends that by allowing the prosecuting attorney to use appellant's statement, which was obtained without informing his attorney of the impending interview and thus giving the attorney a reasonable opportunity to be present at the interview, is to condone conduct by the prosecution which can be considered to be unethical. The canons of ethics governing the actions of attorneys in all United States Courts in this circuit prohibit an attorney from communicating about the controversy with a party on the other side of the case who is represented by an attorney. This canon of ethics has been held to mean that it is improper to so communicate even if the party agrees to be interviewed without his attorney being present. The canon is applicable to criminal as well as civil cases. See 42 Neb.L.Rev. 483.

Other courts have expressed concern over the violation of this canon. See, for example, United States v. Four Star, 428 F.2d 1406 (9th Cir.). The majority in Coughlan v. United States, 391 F.2d 371 (9th Cir.), stated at page 372:

"We, on the other hand, do not want to be considered as lending our approval to the practice, if indeed a practice exists, of interviewing accused persons in jail in the absence of

counsel. The better, fairer and safer practice is to afford the defendant's attorney reasonable opportunity to be present."

The Fifth Circuit, in Wilson v. United States, 398 F.2d 331 (5th Cir.), when dealing with this problem said at page 333:

"However, this Court agrees with the dissenting opinion [in Coughlan, supra] as to the impropriety of Government interrogation of a person in custody pending trial, in the absence of counsel which the interrogator knew had been appointed to represent the defendant."

Although in the case before us it is questionable if agent Canaday knew that appellant had counsel, this makes no difference, and the canon was violated when the statement was sought to be used over defendant's objection. We have not passed on this question before and the proecution had no notice of the position of this court on the subject until this appeal.

We are not here presented with the question of admissibility of a statement obtained from an accused after he has once declined to make a statement or requested an attorney to be appointed. See People v. Fioritto, 68 Cal.2d 714, 68 Cal.Rptr. 817, 441 P.2d 625 (1968), and our holding here should not be so interpreted.

■ What we do hold, however, is that once a criminal defendant has either retained an attorney or had an attorney appointed for him by the court, any statement obtained by interview from such defendant may not be offered in evidence for any purpose unless the accused's attorney was notified of the interview which produced the statement and was given a reasonable opportunity to be present. To hold otherwise, we think, would be to overlook conduct which violated both the letter and the spirit of the canons of ethics. This is obviously not something which the defendant alone can waive.

■ A violation of the canon of ethics as here concerned need not be remedied by a reversal of the case wherein it is violated. This does not necessarily present a constitutional question, but this is an ethical and administrative one relating to attorneys practicing before the United States courts. The problem is initially one for the trial courts; however, in appeals such as this in the future the concerned attorneys will appear before this court and consideration of the matter will be therein undertaken as to occurrences taking place after this opinion has been circulated. The enforcement officials are agents of the prosecuting party, and in the event use is made of information secured by interviews of the nature which here took place, short of its introduction in evidence, the problem will be dealt with in the proper case. That issue is not here presented.

The Government has referred us to Dillon v. United States, 391 F.2d 433 (10th Cir.), decided by this court. Although at first glance Dillon is seemingly dispositive of the issue presented in this appeal, a review of the briefs in that case indicates that the impropriety of the use of this type of evidence as a violation of the canons of ethics was not there presented to the court for its consideration. Thus the issue before us was not there met.

The issue was presented as an Escobedo matter with a new warning after the FBI took over the interrogation following questioning by state officers. It appears that the canons issue was raised but not decided in Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246. See also the dissent therein.

We find no error, and the case is affirmed.