320 So.2d 401 (1975)
STATE of Florida, Appellant,
v.
Gungor Mehmet YATMAN, a/K/a Gungor Mehmet Yatmanaka, Appellee.
Nos. 74-1097, 74-1098.
District Court of Appeal of Florida, Fourth District.
May 9, 1975.
Rehearing Denied June 20, 1975.
Philip S. Shailer, State's Atty., and Jon H. Gutmacher, Asst. State's Atty., Fort Lauderdale, for appellant.
Howard M. Zeidwig, Fort Lauderdale, for appellee.
*402 DOWNEY, Judge.
This case involves (1) what we perceive to be a serious ethical question in the prosecution of criminal cases and (2) the propriety of the court's dismissal of an information appellant had filed against appellee charging him with grand larceny of three hundred pairs of shoes from Florida WMC, Inc., on February 3, 1974.
One Kozakoff was charged in another case with receiving stolen property belonging to Florida WMC, Inc., on February 3, 1974. Counsel for Kozakoff filed a witness list naming appellee as a witness in the Kozakoff case. Thereupon the assistant state attorney handling the Kozakoff case obtained the issuance of a witness subpoena commanding appellee to appear in his office two days later. The appellant gave no notice of any kind to the lawyer who represented appellee in the grand larceny case appellant had filed against him. However, about an hour before appellee was to appear at the state attorney's office, appellee notified his lawyer of the subpoena. The lawyer advised appellee that he was unable to attend the deposition with him because of other commitments, but he stated: "If you have a subpoena, you go. If they want to take your statement from you and immunize you for this, I am happy." Appellee appeared at the appointed time, and his deposition was taken. That deposition shows that the assistant state attorney advised appellee of his rights and asked him if he would sign a waiver form which was read into the record. Appellee agreed and did sign the waiver form.
When the case came on for trial counsel for appellee orally moved the court to dismiss the information on the grounds that the appellant by taking appellee's deposition without his counsel being present had effectively granted appellee immunity. The trial court granted the motion, ruling that appellee did not intelligently waive immunity, and dismissed the grand larceny information. Yet the only evidence before the trial court was the deposition in question and assertions made by appellee's lawyer in arguing the oral motion to dismiss.
We agree with the appellant that the record made before the trial judge was inadequate to support a finding that appellee did not waive immunity. On remand appellee should be afforded an opportunity to file a proper motion in accordance with Rule 3.190(a), RCrP, and the court should then hold a hearing to determine the issues created by said motion. If the court finds the waiver was involuntary, then dismissal of the information for grand larceny and another information for harboring a felon would be proper. On the other hand if the waiver was voluntary, a motion to dismiss on that ground should be denied.
This brings us to the ethical considerations involved in a case when the prosecution communicates with an individual charged with an offense but does so without notifying that individual's attorney. We concede that the case in which the deposition was taken was not the criminal case in which the appellee was the defendant. However, the charge against Kozakoff and the charge against appellee either arose out of the same criminal episode or else are so closely connected as to make testimony which is relevant in one case very likely relevant in the other. We concede also that counsel for appellee did receive actual knowledge of the subpoena within the hour before his client was mandated to appear. But the ethical violation had occurred, or at least had been set in motion, by that point.
There appears to be some doubt among some prosecutors that DR7-104 Code of Professional Responsibility, 32 F.S.A., applies to their activities. Perhaps this doubt exists because prosecutors do not have an individual client to represent. Be that as it may, there is probably no provision of the Canons of Ethics more sacred between competing lawyers than the prohibition against communicating with another lawyer's client on the subject of the representation. *403 Such knowing communication constitutes the grossest sort of unethical conduct.
Disciplinary Rule 7-104 of the Code of Professional Responsibility applies equally to lawyers involved in the prosecution of criminal cases as in civil cases. United States v. Thomas, 474 F.2d 110 (10th Cir.1973); United States v. Vasquez, 476 F.2d 730 (5th Cir.1973); Moore v. Wolff, 495 F.2d 35 (8th Cir.1974). If any communication with a person represented by counsel on the subject under litigation is prohibited, then taking the deposition of an individual charged with a criminal offense without notice to his counsel regarding matters which are relevant to the criminal charges pending against said represented individual is also clearly prohibited by the foregoing disciplinary rule.
This record is not clear as to whether the assistant state attorney taking the deposition in fact knew appellee was represented by counsel. It may be that he did not. But in a matter involving this degree of ethical delicacy it would behoove one in his position to make some reasonable inquiry to find out.
While we condemn the procedure employed here, we conclude that it does not automatically require a dismissal of the information, since the authorities generally hold that violations of ethical considerations do not require reversal on appeal. See federal cases cited above.
The question yet remains to be determined whether appellee intelligently waived the right to immunity. Accordingly, we reverse the order appealed from and remand the cause for further proceedings consistent with this opinion.
WALDEN and CROSS, JJ., concur.
DOWNEY, Judge.

ON PETITION FOR REHEARING
On petition for rehearing appellant suggests we should modify our opinion in this case published May 9, 1975, wherein we held:
"On remand appellee should be afforded an opportunity to file a proper motion in accordance with Rule 3, 190(a), RCrP., and the court should then hold a hearing to determine the issues created by said motion. If the court finds the waiver was involuntary, then dismissal of the information for grand larceny and another information for harboring a felon would be proper. On the other hand if the waiver was voluntary, a motion to dismiss on that ground should be denied."
Appellant is particularly offended by our direction that the information be dismissed if the court determines after an evidentiary hearing that the waiver of immunity was involuntary. That result, says appellant, is "manifestly erroneous" because the proper remedy for involuntary waiver is suppression, not dismissal. For that pronouncement appellant relies upon United States v. Crook, 502 F.2d 1378 (5th Cir.1974); United States v. Masullo, 489 F.2d 217 (2nd Cir.1973); and other cases of like import, which recognize that the remedy for taking an involuntary statement or confession is suppression. It is manifest that appellant has failed to distinguish that situation from the one at bar. Here, we are dealing not simply with the taking of a statement but more importantly with the waiver of immunity statute, § 914.04 F.S. 1973. The effect of our holding is that if the alleged waiver of immunity was involuntary, then the state by issuing process to require appellee to testify before the state attorney without an intelligent waiver of immunity has effectively immunized the appellee from prosecution in accordance with the statute.
Accordingly, appellant's petition for rehearing is denied.
WALDEN and CROSS, JJ., concur.