**UNITED STATES of America,**
**Plaintiff,**

v.

**Glenn BAKER et al., Defendants.**

**No. 75–Cr–101.**

United States District Court,
E. D. Wisconsin.

Aug. 25, 1975.

On Motion to Suppress Sept. 22, 1975.

William J. Mulligan, U. S. Atty. by John A. Nelson, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff.

Shellow & Shellow by Stephen M. Glynn, and James M. Shellow, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendants Glenn Baker, Michael Kaprelian, and Patricia Davies have moved to dismiss the indictment in the above action on the ground that each count of the indictment is duplicitous and therefore fails to allege an offense. They have also moved to dismiss count I for failure to allege an offense, contending that one cannot conspire to aid another in the commission of an offense. They have moved to dismiss the same count on the ground of "repugnancy." The same defendants have also moved to dismiss count II for failure to allege criminal intent. These defendants have also filed a discovery motion demanding disclosure of exculpatory evidence and each of them has filed a motion for disclosure of incriminatory statements of co-defendants. I believe that the defendants' motions must be denied.

## DUPLICITY

The defendants assert that two or more separate offenses are charged in each count of the instant indictment. Count I alleges that they conspired to transport in interstate commerce "certain goods, wares, merchandise, securities *or* money" knowing the same to have been "stolen, converted *or* taken by fraud." Count II alleges that they "did transport *or* cause to be transported" in interstate commerce jewelry, knowing the same to have been stolen.

The defendants rely on the following language in *United States v. Clarke*, 87 U.S. (20 Wall.) 92, 104, 22 L.Ed. 320 (1874), an in rem forfeiture case:

"It may be conceded that an indictment or a criminal information which charges the person accused, in the disjunctive, with being guilty of one or of another of several offences, would be destitute of the necessary certainty, and would be wholly insufficient. It would be so for two reasons. It would not give the accused definite notice of the offence charged, and thus enable him to defend himself, and neither a conviction nor an acquittal could be pleaded in bar to a subsequent prosecution for one of the several offences."

The foregoing approach has been followed in *United States v. Malinowski*, 347 F.Supp. 347 (D.Pa.1972), aff'd, 472 F.2d 850 (3d Cir. 1973), cert. denied, 411 U.S. 970, 93 S.Ct. 2164, 36 L.Ed. 2d 693 (1973); *Price v. United States*, 150 F.2d 283 (5th Cir. 1945), cert. denied, 326 U.S. 789, 66 S.Ct. 473, 90 L.Ed. 479 (1946), which have held indictments insufficient for alleging disjunctively two or more means of committing an offense. The government recognizes this line of cases, but contends that it is inapplicable here, as only one offense or means of committing an offense is alleged in each count of the indictment.

As to count I, a similar use of the disjunctive "or" in *Johnson v. United States*, 207 F.2d 314 (5th Cir. 1953), cert. denied 347 U.S. 938, 74 S.Ct. 632, 98 L.Ed. 1087 (1954), was held not to require dismissal.

"The indictment did not charge appellant in the alternative with having committed one or another of several offenses. He was charged with only one offense. . . . We think the indictment alleged the essential ingredients of the offense charged with sufficient certainty and did not infringe upon appellant's right to be informed of the crime charged against him. Likewise, it is sufficiently definite so that either a conviction or an

acquittal could be pleaded in bar to a subsequent prosecution for the same cause." 207 F.2d at 320.

The court of appeals for the seventh circuit has approved the *Johnson* approach to the use of the disjunctive "or" in cases like that at bar where the indictment does not charge defendants in the alternative with having committed one or another of several offenses. *United States v. Ansani,* 240 F.2d 216, 223 (7th Cir. 1957). See also *United States v. Laverick,* 348 F.2d 708 (3d Cir. 1965), and *United States v. Cafarelli,* 183 F. Supp. 734 (D.Utah 1959).

As to count II, *Cafarelli,* supra, involved the same alleged defect, and I believe the conclusion of the court in that case is appropriate here:

> "[W]hether the single offense charged in each of the counts against the said defendant involved the placing *or* causing to be placed by him in the U.S. mails of the matter in question is a mere subsidiary detail, the statement of which may properly and without any prejudice to the defendant be stated in the disjunctive, . . ." 183 F.Supp. at 736 (emphasis supplied).

See also this court's decision in *United States v. Brodson* D.C.Wis., 390 F.Supp. 774 at page 780 1975.

Since the disjunctive pleading in neither count involves alternative offenses or alternate means of committing an offense, but instead only subsidiary detail, the defendants' motion to dismiss the indictment for duplicity will be denied.

## CONSPIRING TO AID AND ABET

█ The defendants have moved to dismiss count I for failure to allege an offense, asserting that one cannot conspire to aid and abet another in the commission of an offense, as charged in the indictment. The count alleges that defendants conspired, in violation of 18 U.S.C. § 371, to commit certain offenses, specifically violations of 18 U.S.C. §§ 2314 and 2. Section 2 of Title 18, United

States Code, is the aiding and abetting statute.

The government cites *United States v. Lester,* 363 F.2d 68 (6th Cir. 1966), for the proposition that one can conspire to aid and abet another in the commission of an offense. I believe that the motion to dismiss should be denied. The notes of the advisory committee, 18 U.S.C.A. Rule 7, Federal Rules of Criminal Procedure, make clear at page 325 that "citations to statutes or regulations [are] not a part of the indictment." Therefore, in my opinion, the criticized citation in this case is not ground for dismissing the indictment.

Furthermore, the defendants here, like the defendant in *United States v. Cullen,* 305 F.Supp. 695 (E.D.Wis.1969), have failed to show prejudice. Prejudice has been alleged, but the indictment refers to the controlling section, and I can detect no prejudice to the defendants. Accordingly, the defendants' motion to dismiss count I for failure to allege an offense will be denied.

## "REPUGNANCY"

█ The defendants have moved to dismiss count I on the ground of "repugnancy," asserting a material inconsistency between the allegation that defendants conspired "from on or about December 3, 1974 to on or about December 10, 1974" to transport certain goods "knowing the same to have been stolen" and the allegation that defendants on or about December 10, 1974, stole certain goods. Thus, the defendants argue, it appears from the face of the indictment that they could not, prior to December 10, have known that the goods were stolen, since, in point of fact, they were not.

I believe this motion is without merit. Count I charges the defendants with conspiring to commit an offense against the United States. That offense is the transportation in interstate commerce of certain property, knowing the same to have been stolen. It is clear that the words "knowing the same to have been stolen"

refer to the defendants' knowledge of the status of the goods at the time of the transportation or planned transportation. The defendants' strained interpretation of the language of the indictment, if accepted, would eliminate conspiracy liability for precisely those activities which the conspiracy statute is intended to reach. Accordingly, the defendants' motion to dismiss count I for "repugnancy" will be denied.

## NO ALLEGATION OF CRIMINAL INTENT

The defendants have moved to dismiss count II of the indictment for failure to allege an offense, asserting that criminal intent, an essential element of the offense of 18 U.S.C. § 2314, is not alleged. I believe that the major premise of defendants' argument, that *specific* intent is an essential element of § 2314, is erroneous.

■■ The defendants rely on *United States v. Sheridan*, 329 U.S. 379, 385 n. 11, 67 S.Ct. 332, 91 L.Ed. 359 (1946), for the proposition that § 2314 has been judicially construed to require specific intent. That case, however, involved a violation of paragraph 3 of § 2314, dealing with the transportation of forged securities, not paragraph 1 dealing with stolen goods, as involved in this action. The statutory language of paragraph 3 includes the following requirement of specific intent: "[W]ith unlawful or fraudulent intent," and in *Sheridan* the court noted, at page 385, 67 S.Ct. at page 335 that paragraph 1 required only "knowledge that they have been stolen." The note cited by the defendants supports the government's position that only a general criminal intent is necessary to violate paragraph 1, which is satisfied by the allegation of knowledge in the indictment. *United States v. DeKunchak*, 467 F.2d 432, 436 (2d Cir. 1972), is directly on point in support of the government's position. "It would seem that only a general criminal intent is necessary to violate 18 U.S.C. § 2314." In *United States v. Hurley*, 281 F.Supp. 433, 447

(D.Conn.1968), instructions requiring specific intent were given, but the court noted that the instructions "thus were more favorable to the defendant than perhaps was merited."

Since no specific intent is required for violation of § 2314, and since count II alleged knowledge that the goods were stolen, I conclude that the defendants' motion to dismiss count II must be denied.

## DISCOVERY MOTIONS

■ The government has agreed to make its complete investigative files available to the defendants, and has agreed to comply with the requirements of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), regarding disclosure of exculpatory evidence. Accordingly, the defendants' discovery motions must be denied as moot.

## CONCLUSION

Therefore, it is ordered that the motions of the defendants Glenn Baker, Michael Kaprelian, and Patricia Davies to dismiss the indictment, to dismiss counts I and II thereof, for disclosure of exculpatory evidence, and for disclosure of incriminatory statements of co-defendants, be and hereby are denied.

## DECISION AND ORDER ON MOTION TO SUPPRESS

Michael Kaprelian, a defendant in the above action, has moved to suppress as evidence against him statements made by him while in the custody of law enforcement agents on or after December 10, 1974. An evidentiary hearing on this motion was held on August 25, 1975, and the issues have been briefed by the parties. I hold that the motion should be denied.

## FACTS

I find the following to be the factual setting in which the statements of Mr. Kaprelian were made: He was arrested in Chicago by Agent Dean Mieseler of the Federal Bureau of Investigation on

December 11, 1974, on a charge of having transported stolen jewelry from Milwaukee to Chicago. Mr. Mieseler advised the defendant of his rights, in compliance with the requirements of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), before conveying him, with codefendant Patricia Davies, to the offices of the F.B.I. Agent Clendening of the F.B.I. advised both defendants of their *Miranda* rights during the trip to the offices.

Upon arrival, Mr. Kaprelian was escorted to an interview room, meeting Agent Robert Keane in the corridor at the doorway to the interview room. Mr. Keane had had prior contacts with Mr. Kaprelian and commented that Mr. Kaprelian was now in "big trouble." No further conversation between the two then ensued, and Mr. Keane left to interview Ms. Davies. Mr. Mieseler and Mr. Clendening searched Mr. Kaprelian in the interview room, at which time he requested permission to call his attorney. A call was placed by an agent to Mr. James Shellow, his attorney, who conferred with Mr. Kaprelian. Mr. Shellow then spoke with Mr. Mieseler, identifying himself as Mr. Kaprelian's attorney, informing him that he did not wish Mr. Kaprelian to be questioned further and stating that Mr. Kaprelian himself did not wish to be questioned further. The agents then asked Mr. Kaprelian to execute an advice of rights form, which he refused to sign, and neither Mr. Mieseler nor Mr. Clendening questioned him any further.

Mr. Kaprelian then asked to see Mr. Keane, who was summoned to the interview room. Upon his arrival, Mr. Keane asked why Mr. Kaprelian had requested to see him. Mr. Kaprelian asked how he could get himself out of this trouble, and Mr. Keane said that the F.B.I. was interested in the return of the jewelry. Mr. Kaprelian then stated that he knew the jewelry was located in Chicago, but that he could not reveal its location or the name of the person who had it. Following this initial discussion of the whereabouts of the jewelry, the conversation turned to the relationship between cooperation by Mr. Kaprelian and the bail recommendation of the United States attorney. When Mr. Kaprelian refused to provide any information, beyond his statement that he knew the location but could not divulge it, Mr. Keane terminated the conversation and left the room.

Mr. Kaprelian asked that Mr. Keane be called back, and he did return to the room for at least two separate "unproductive" conversations. On one occasion, Mr. Kaprelian asked to speak to Ms. Davies and was afforded an opportunity to do so.

## LEGAL ISSUES

The defendant argues first that Mr. Keane's offer to intercede with the prosecutor on behalf of the defendant's request for reduced bail in return for the defendant's co-operation rendered the statement involuntary; second, that after a lawyer has advised agents of the F.B.I. that his client does not wish to be questioned, and after the client has refused to sign a waiver of rights, the government cannot prove a knowing waiver of the rights to be silent and to have counsel present by the uncorroborated testimony of the F.B.I. agents; and third, that the conduct of the F.B.I. in this case amounted to a surreptitious interrogation of a represented defendant.

The defendant's first challenge to the admissibility of his statements fails because it is based on an assumption of facts different from those which I have found above. I believe that Mr. Kaprelian's statement that he knew the jewelry was located in Chicago preceded any discussion of efforts to obtain reduced bail in exchange for his cooperation. Thus, his statement was not induced by the later discussion.

The defendant also argues that his right to have counsel present during the conversations with Mr. Keane was never validly waived. He relies, first, upon

the rules adopted by the New York court of appeals and the United States court of appeals for the tenth circuit, which exclude statements obtained in the absence of known counsel, unless counsel participated in the waiver. *People v. Arthur*, 22 N.Y.2d 325, 292 N.Y.S.2d 663, 239 N.E.2d 537 (1968); *United States v. Thomas*, 474 F.2d 110 (10th Cir. 1973), cert. denied, 412 U.S. 932, 93 S.Ct. 2758, 37 L.Ed.2d 160 (1973). However, the United States court of appeals for the seventh circuit has not adopted such a *per se* exclusionary rule. In *United States v. Durham*, 475 F.2d 208, 211 (7th Cir. 1973), Judge Swygert favored such a *per se* rule, but that portion of his opinion was rejected by a majority of the panel. Judge Pell, whose position represented the majority of the court, stated:

"In my opinion, the authorities cited in Judge Castle's dissenting opinion correctly state the law that notwithstanding the existence of counsel, either appointed or retained, a defendant may waive the presence and assistance of that counsel, provided it very clearly appears that the accused deliberately and understandingly chose to forego that assistance." 475 F.2d at 212.

■ The question before me, therefore, is whether it appears that Mr. Kaprelian deliberately and understandingly chose to forego the assistance of Mr. Shellow in his conversations with Mr. Keane. The defendant points to his refusal to execute the waiver form as indicating his intentions, and this is, of course, a relevant factor in the determination. *United States v. Crisp*, 435 F.2d 354, 358 (7th Cir. 1970), cert. denied, 402 U.S. 947, 91 S.Ct. 1640, 29 L.Ed.2d 116 (1971); *United States v. Jenkins*, 440 F.2d 574 (7th Cir. 1971); *United States v. Millen*, 338 F.Supp. 747 (E.D. Wis.1972).

In my opinion, the circumstances of the instant case resemble those surrounding the second interview dealt with in *Crisp*, where a represented defendant requested to speak with an agent and did not request the presence of his attorney, but refused to execute a waiver form. There, in upholding admissibility, the court stated:

"*Miranda* does not, however, require such a written indication of waiver as the sole means of proving that fact. *Klingler v. United States*, 409 F.2d 299, 308 (8th Cir. 1969), certiorari denied, 396 U.S. 859, 90 S.Ct. 127, 24 L.Ed.2d 110. Here the interview was conducted at the express request of defendant Crisp who persisted in his expressed desire to pass information to the Assistant United States Attorney even after having been informed of his rights and regardless of the absence of his attorney." 435 F.2d at 358.

■■ I believe that Mr. Kaprelian similarly initiated the conversations with Mr. Keane in the absence of his attorney and that he did so knowingly and voluntarily, after having been advised of his rights by other agents and by his own attorney.

■ The defendant's claim that Mr. Keane's actions constituted a surreptitious interrogation is without merit. First, the conversations with Mr. Keane were initiated voluntarily by Mr. Kaprelian. Second, Mr. Kaprelian knew that Mr. Keane was an F.B.I. agent, and he had already been informed by other agents that anything he said could be used against him. Compare *Massiah v. United States*, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964).

## CONCLUSION

For the above reasons, I believe the defendant's motion should be denied.

Therefore, it is ordered that the motion of the defendant Michael Kaprelian to suppress as evidence against him statements made by him while in the custody of law enforcement agents on or after December 10, 1974, be and hereby is denied.