Michael **BALTHAZOR**, Appellant,

v.

**STATE** of Alaska, Appellee.

No. 6257.

Court of Appeals of Alaska.

Nov. 5, 1982.

William H. Fuld, Kay, Christie, Fuld, Saville & Coffey, Anchorage, for appellant.

David Mannheimer and Charles M. Merriner, Asst. Attys. Gen., Anchorage, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

COATS, Judge.

Michael Balthazor appeals his conviction for sale of cocaine in violation of AS 17.10.-010.[1] Balthazor argues that his conviction should be reversed because it was obtained by the use of statements which Balthazor made to Kodiak Police Captain Glen Herbst. Balthazor claims that these statements were made in violation of his constitutional rights because he was not warned of his Miranda[2] rights before he talked to Captain Herbst and because the statements were taken in violation of his right to have the assistance of counsel for his defense.[3]

Balthazor was arraigned on November 29, 1980. The court advised him of his rights and appointed an attorney, Mr. LeDoux, to represent him. Two days later, while he was in custody awaiting indictment, Balthazor sent word through a court officer that he wanted to see Captain Herbst. Herbst had Balthazor brought to his office. Herbst did not advise Balthazor of his Miranda rights, nor did he ask him any questions during the critical part of the interview. Balthazor told Herbst that he had not retained any of the $2,500 which he had received from the cocaine sale. He stated that the money had gone to other cocaine dealers who were major cocaine suppliers in Kodiak. Balthazor indicated that he had valuable information about cocaine sales in Kodiak and that he was willing to give that information to the police. However, he first wanted to have written guarantees of favorable treatment. These statements were admitted, over objection, at Balthazor's trial.

Balthazor asks us to adopt the rule set forth in United States v. Thomas,[4] which prevents the police from questioning a represented defendant unless they first notify his attorney and give the attorney an opportunity to be present. Balthazor additionally asks us to extend the Thomas rule to hold that after counsel is appointed no statement can be taken from a defendant without an express waiver by his attorney. The state argues that a represented defendant can be interrogated if he waives his right to counsel. The state also argues that after the right to counsel attaches, only interrogation or "deliberate elicitation" of statements from a defendant is forbidden. The state asserts that the record in this case establishes that Balthazor was advised of his constitutional rights at arraignment, and that Captain Herbst never interrogated

---

1. AS 17.10.010 states:

 *Acts prohibited.* It is unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense, give, barter, supply or distribute in any manner, or compound any narcotic drug except as authorized in this chapter.

 Ch. 45 § 26, SLA 1982 repeals AS 17.10.010 as of January 1, 1983.

2. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

3. "In all criminal prosecutions, the accused shall enjoy the right ... to have the assistance of counsel for his defense." U.S. Const. amend. VI. "In all criminal prosecutions, the accused shall have the right ... to have the assistance of counsel for his defense." Alaska Const. art. I, § 11.

4. In *United States v. Thomas,* 474 F.2d 110, 112 (10th Cir.), *cert. denied,* 412 U.S. 932, 93 S.Ct. 2758, 37 L.Ed.2d 160 (1973), the court said:

 [W]e ... hold ... that once a criminal defendant has either retained an attorney or had an attorney appointed for him by the court, any statement obtained by interview from such defendant may not be offered in evidence for any purpose unless the accused's attorney was notified of the interview which produced the statement and was given a reasonable opportunity to be present.

 *See also Loveless v. State,* 634 P.2d 941, 946 n. 11 (Alaska App.1981); *People v. Pierson,* 633 P.2d 485, 488 (Colo.App.1981); *Note, Proposed Requirements for Waiver of the Sixth Amendment Right to Counsel,* 82 Colum.L.Rev. 363, 387–91 (1982).

Balthazor. The state asks us to conclude that Herbst did not interrogate Balthazor or "deliberately elicit" statements from him.

 The facts of this case do not necessarily require us to decide whether to adopt the *Thomas* rule. Even if we were to adopt the *Thomas* rule, we would agree with the state that the rule should not be extended to cover situations where there has been no interrogation by the police. We would stress, however, that interrogation means more than asking questions of a defendant. Interrogation includes the "deliberate elicitation" of statements from a defendant. The Supreme Court defines "deliberate elicitation" as "intentionally creating a situation likely to induce [a defendant] to make incriminating statements without the assistance of counsel." *United States v. Henry,* 447 U.S. 264, 274, 100 S.Ct. 2183, 2189, 65 L.Ed.2d 115, 125 (1980). We therefore conclude that even if we were to adopt the *Thomas* rule, that rule would not apply to a situation where a defendant initiated the contact with the police and voluntarily made statements that were not the product of interrogation or "deliberate elicitation."

 Balthazor's motions in the trial court appear to have relied mainly on a fifth amendment claim, rather than clearly raising a sixth amendment right to counsel claim as he has done in this court. In addition, it does not appear that the trial court made specific findings on Balthazor's motion to suppress. We cannot assume on this record that the trial court addressed Balthazor's sixth amendment claim. We therefore remand this issue to the trial court. The court should deny Balthazor's motion to suppress, making specific factual findings, if it finds that Balthazor initiated the contact with Captain Herbst, that he voluntarily made the statements which

were used at trial, and that those statements were not the product of interrogation or "deliberate elicitation." In the event the court does not find those facts then it should set out its factual findings and decide whether Balthazor's motion to suppress should be granted.[5]

The case is REMANDED.

---

5. We dispose of Balthazor's other points on appeal as follows:

(1) The statements of Joseph Wooden were properly admitted as statements by a co-conspirator of a party during the course and in furtherance of the conspiracy. Alaska R.Evid. 801(d)(2)(E). The testimony of Robert Carcone provided sufficient independent evidence of the conspiracy to admit the statements. *Hawley v. State,* 614 P.2d 1349, 1354–56 (Alaska 1980); Evidence Rules Commentary 801(d)(2)(E).

(2) Even if the admission of Michael Grogan's identification of Balthazor was erroneous, that error was harmless because of Carcone's identification of Balthazor.