ANSTEAD, Judge,
dissenting.
I would reverse the order of dismissal but remand without prejudice to invoke other sanctions against the state and the individual prosecutor. See United States v. Morrison, 449 U.S. 361, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981).
It is understandable that the trial judge was shocked when he learned that one night during the course of trial the prosecutor and a police officer, without permission from the judge or notice to anyone, went to the defendants’ home, the scene of the alleged crime, talked to the defendants (although apparently not about the case), and examined the scene. This court has previously described similar conduct as “the grossest sort of unethical conduct.” See State v. Yatman, 320 So.2d 401, 403 (Fla. 4th DCA 1975). Nevertheless, in Yatman, we held that such unethical conduct does not automatically require dismissal. The words of Judge Downey, although stated almost twenty years ago, bear repeating here:
There appears to be some doubt among some prosecutors that DR7-104 Code of Professional Responsibility, 32 F.S.A., applies to their activities. Perhaps this doubt exists because prosecutors do not have an individual client to represent. Be that as it may, there is probably no provision of the Canons of Ethics more sacred between competing lawyers than the prohibition against communicating with another lawyer’s client on the subject of the representation. Such knowing communication constitutes the grossest sort of unethical conduct.
Disciplinary Rule 7-104 of the Code of Professional Responsibility applies equally to lawyers involved in the prosecution of criminal eases as in civil cases. United States v. Thomas, 474 F.2d 110 (10th Cir. 1973); United States v. Vasquez, 476 F.2d 730 (5th Cir.1973); Moore v. Wolff, 495 F.2d 35 (8th Cir.1974).
[[Image here]]
While we condemn the procedure employed here, we conclude that it does not automatically require a dismissal of the information, since the authorities generally hold that violations of ethical considerations do not require reversal on appeal. See federal cases cited above.
Id. at 402-03.