**STATE of Missouri, Respondent,**

**v.**

**Thomas Joseph A. COYNE, Appellant.**

**No. 54012.**

Supreme Court of Missouri, Division No. 2.

April 13, 1970.

John C. Danforth, Atty. Gen., Peter H. Ruger, Asst. Atty. Gen., Jefferson City, for respondent.

Tony Eberwein, Clayton, for appellant.

PRITCHARD, Commissioner.

This case involves appeals from four separate felony convictions. In case No. 281008 a jury found appellant guilty of the crime of rape and assessed his punishment at forty years imprisonment in the Department of Corrections. In case No. 281009, upon an indictment of the crime of sodomy appellant entered his plea of guilty and was sentenced by the court to forty years imprisonment, to run concurrently with the sentence in case No. 281008. In case No. 281010, an indictment for assault with intent to do great bodily harm, appellant pleaded guilty and was sentenced to forty years imprisonment to run concurrently with the sentences in cases Nos. 281008 and 281009. In case No. 281011, an indictment for operating and using an automobile without the consent of the owner, appellant also pleaded guilty and was sentenced to five years imprisonment to run concurrently with cases Nos. 281008, 281009 and 281010. All of the sentences were imposed on September 26, 1967, and in each case credit was given for time previously spent in jail.

During the trial of the rape case, and on entering his pleas of guilty in the other cases, appellant was represented by counsel from the St. Louis County Public Defender's office. No motion for new trial was filed in any case, and at the time appellant appeared for sentencing in the rape case he did, by counsel, specifically waive his right to appeal in that case. In all the cases appellant was granted a special order of appeal by this court on July 9, 1968.

In two points appellant contends that his federally guaranteed constitutional rights were violated. These points are not here asserted as plain error affecting his substantial rights under Supreme Court Rule 27.20(c), V.A.M.R. They will be examined to ascertain if they fall within that rule because such constitutional rights are involved. State v. Beasley, Mo., 404 S.W.2d 689, 690; State v. Reynolds, Mo., 422 S.W.2d 278, 280 [1, 2].

The first point is that the court erred in allowing the state to exclude by challenges on voir dire examination members of the jury panel who had moral or religious objection to the death penalty. Cited is Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776. The point is without merit for two reasons. First, the objection was not made prior to the jury being sworn, but was made at the close of the case, which is too late under State v. Schleicher, Mo., 442 S.W.2d 19, 21 [4]. But more importantly, the Witherspoon case applies only to cases wherein the death penalty for an offense is actually imposed by a jury. See Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed.2d 797, 800 [1–3]. Here appellant received a sentence of forty years for his conviction of the crime of rape.

For Point II, appellant urges that the court erred in overruling his motion to suppress evidence, a statement given to the police. The motion was taken up outside the hearing of the jury. Appellant testified on this hearing that the police officers did not advise him of his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, and that he gave an oral statement to the police. He says in his brief that he made the oral statement indicating that he had no knowledge of the alleged offense. The transcript does not show any such indication, but only that he gave a statement pertaining to the charge of rape. The testimony of the officers was that prior to questioning appellant was advised of his rights to contact a lawyer, friend or relative, to have a lawyer present at the time of interview, that if he could not afford an attorney one would be provided without cost, that he did not have to make a statement but if he did it would be used against him in a court of law. Appellant answered that he was aware of his rights and did not want anything. Appellant was asked what he was doing at a certain time,

eliciting a reply "which was a statement." (What the statment was does not appear in the record of the hearing on the motion to suppress.) The statement stopped when appellant stated he did not wish to make a further statement but wanted to contact his attorney.

 There was no statement of appellant introduced by the state as evidence against him. The matter first came up in appellant's own testimony on direct examination at trial in which he testified that the police questioned him about the alleged incident and he "told them a story": that he was over in East St. Louis (at the time of the alleged rape), which was a lie told to the police because he was scared. Then on cross-examination of appellant he was asked if it was during a discussion with Detective Long that he told the story which he referred to on direct examination as a lie, the story being that when he left a tavern when it closed he asked a woman in her car if he could take her home. She declined, and appellant got out of the car, drove ·to Illinois and visited several unknown bars. There was no objection made to the cross-examination testimony. Since appellant first brought the matter up and testified that his statement to the police was a lie, he opened up the matter, and therefore no error appears. It is well settled that an accused who takes the stand in his own behalf may be cross-examined as to any matter referred to in the examination in chief. State v. Grant, Mo., 394 S.W.2d 285; State v. Duisen, Mo., 403 S.W.2d 574; State v. Moser, Mo., 423 S.W.2d 804. And certainly, in such case, an accused may be cross-examined as to matters affecting his credibility as a witness; here that he had previously lied to the police.

The remaining eight points in appellant's brief do not involve constitutional issues, and being not preserved for review or asserted as plain error, they will not be considered.

The judgments are affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.