**Edwin Charles MOORE, a/k/a Charles E. Moore, Appellant,**

v.

**Charles L. WOLFF, Warden, etc., Appellee.**

**No. 73–1774.**

United States Court of Appeals, Eighth Circuit.

Submitted March 14, 1974.

Decided April 23, 1974.

P. M. Conley, Lincoln, Neb., for appellant.

James J. Duggan, Asst. Atty. Gen., Lincoln, Neb., for appellee.

Before GIBSON, BRIGHT, and STEPHENSON, Circuit Judges.

GIBSON, Circuit Judge.

Petitioner, Edwin Charles Moore, appeals the District Court's [1] denial of his petition for a writ of habeas corpus. Petitioner was charged and convicted in Nebraska state court of assault with intent to rape and sodomy and sentenced to concurrent five year terms of imprisonment. Moore's claim, that his oral incriminating statements made after appointment of counsel but without counsel present were used against him at trial in violation of his Sixth Amendment right to counsel, was rejected by the Nebraska Supreme Court on direct appeal.[2]

Moore then filed this petition for writ of habeas corpus in the District Court, asserting that his Sixth Amendment right to counsel was violated. Judge Denney, after a hearing on the merits, denied the petition. Upon careful consideration of the questions raised by petitioner, we affirm the decision of the District Court denying relief.

There is no dispute over the facts involved in this case, nor any doubt about petitioner's guilt, but petitioner raises yet another interesting question on the breadth of the Fifth Amendment protection against self-incrimination when the Sixth Amendment command for appointment of counsel has been met.

The incident out of which the charges arose occurred September 27, 1971, outside of Lincoln, Nebraska. Petitioner was subsequently questioned by Lincoln police regarding the incident and denied involvement. On October 2, 1971, with his consent he appeared in a line-up at which no identification was made by the victim. October 4, 1971, he was given a polygraph examination, following which he was taken into custody. The next day he was arraigned in Lancaster County Court and requested appointment of counsel. The Public Defender's Office was appointed to represent petitioner.

That same evening, with full knowledge that counsel had been appointed for petitioner, he was questioned by detective Jerry Thomas. This was the first *in-custody* interrogation of the petitioner, and was done without informing his appointed counsel or affording him an opportunity to be present. After being fully informed of his *Miranda* rights, petitioner orally admitted his involvement in the incident. Upon being asked to sign a written confession, he refused until he had an opportunity to talk to his attorney. The questioning immediately ceased.

The Nebraska trial court, after a hearing out of the presence of the jury, determined that his waiver of counsel was voluntarily, knowingly and intelligently made. This finding was affirmed by the Nebraska Supreme Court and approved by the District Court. Petitioner does not challenge that he received the *Miranda* warnings or voluntarily made the oral incriminating statements. His argument instead is that after the appointment of counsel no interrogation can take place without counsel being notified and given an opportunity to be present. Without notice and opportunity to be present it is argued that the accused cannot "knowingly and intelligently" waive his Fifth Amendment privilege.

We cannot agree. Although Mathies v. United States, 126 U.S.App.D.C. 98, 374 F.2d 312 (1967), contains a footnote by then Circuit Judge, now Chief Justice, Burger indicating his belief that Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694 (1966) would require the presence of counsel at all interviews once an accused was represent-

1. The Honorable Robert V. Denney, United States District Judge, District of Nebraska, denied the petition on September 4, 1973, in an unreported memorandum decision.

2. State v. Moore, 189 Neb. 354, 202 N.W.2d 740 (1972).

ed, such has not been the unanimous view in the circuits squarely presented with the question. United States v. Cobbs, 481 F.2d 196 (3rd Cir.), cert. denied, 414 U.S. 980, 94 S.Ct. 298, 38 L. Ed.2d 224 (1973); United States v. Thomas, 474 F.2d 110 (10th Cir.), cert. denied, 412 U.S. 932, 93 S.Ct. 2758, 37 L.Ed.2d 160 (1973); United States v. Springer, 460 F.2d 1344 (7th Cir.), cert. denied, 409 U.S. 873, 93 S.Ct. 205, 34 L. Ed.2d 125 (1973); Wilson v. United States, 398 F.2d 331 (5th Cir. 1968), cert. denied, 393 U.S. 1069, 89 S.Ct. 727, 21 L.Ed.2d 712 (1969); Coughlan v. United States, 391 F.2d 371 (9th Cir.), cert. denied sub nom., Coghlan v. United States, 393 U.S. 870, 89 S.Ct. 159, 21 L. Ed.2d 139 (1968); *cf.* United States v. Barone, 467 F.2d 247 (2d Cir. 1972).

■ If an accused can voluntarily, knowingly, and intelligently waive his right to counsel before one has been appointed, there seems no compelling reason to hold that he may not voluntarily, knowingly, and intelligently waive his right to have counsel present at an interrogation after counsel has been appointed. Of course, the Government will have a heavy burden to show that the waiver was knowingly and intelligently made, Miranda v. Arizona, *supra,* 384 U.S. at 475, 86 S.Ct. 1602, but we perceive no compelling reason to adopt the *per se* rule advocated by petitioner. In fact, *Miranda* expressly recognizes that such interrogation may continue without presence of counsel, though the burden of showing a knowing and intelligent waiver is a heavy one. Here, the facts establish beyond any doubt that the Government's burden was discharged and petitioner's waiver was voluntarily, knowingly and intelligently made.

■ Petitioner's reliance on Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1963) is also misplaced. In *Massiah,* there could not have been any waiver of right to counsel because of the surreptitious tactics employed by the Government agents. It should not be read so broadly as to hold that there may never be a valid waiver after indictment or arraignment. *See* United States v. Crisp, 435 F.2d 354, 358 (7th Cir. 1970), cert. denied, 402 U. S. 947, 91 S.Ct. 1640, 29 L.Ed.2d 116 (1971). Petitioner's culpatory statements and admissions were triggered not by any trickery or cajolery of the police officers but by confrontation with his confederate, who had admitted the offense and implicated petitioner.

■ Petitioner raises one other contention. He argues that the state prosecutor violated an ethical duty imposed by the Code of Professional Responsibility [3] in using the accused's statement against him knowing it was obtained out of the presence of and without notification to his attorney. This position has received support in the cases. *See,* United States v. Thomas, *supra;* Wilson v. United States, *supra;* Mathies v. United States, *supra.* However, such a violation has not been felt to rise to the level of constitutional error, nor even to compel reversal in those federal prosecutions where reversal might have been made under the general supervisory powers of the courts of appeals over federal district courts. In this case the ethics of the state prosecutor is a matter for state court resolution, not properly cognizable upon a petition for writ of habeas corpus.

The judgment of the District Court denying petitioner habeas corpus relief is affirmed.

---

3. *See,* Disciplinary Rule 7–104, ABA Code of Professional Responsibility.