STATE of Missouri, Respondent,

v.

Edward FIELDS, Jr., Appellant.

No. 10099.

Missouri Court of Appeals, Springfield District.

June 8, 1976.

Motion for Rehearing or to Transfer Stricken on June 28, 1976.

John C. Danforth, Atty. Gen., Charles L. Howard, Asst. Atty. Gen., Jefferson City, for respondent.

Paul Crider, Jr., Public Defender, Rolla, for appellant.

Before STONE, P. J., and HOGAN and TITUS, JJ.

TITUS, Judge.

Defendant, a soldier stationed at Ft. Leonard Wood, was charged with rape committed in Waynesville on 21 September 1974. He now appeals from judgment of conviction and sentence to 25 years' imprisonment entered on a jury verdict finding him guilty.

The sole point relied on is: "The court erred in overruling appellant's motion to suppress evidence and admitting evidence at trial sought to be suppressed by said pre-trial motion, since such evidence was procured in violation of appellant's rights to due process, assistance of counsel and right against self-incrimination under the Fifth and Sixth Amendments to the United States Constitution."

This "point" is yet another illustration of the continued utter disregard by lawyers of the mandatory requirements of Civil Rule 84.04(d), V.A.M.R., made applicable to criminal cases by Criminal Rule 28.18, V.A.M.R. *State v. Warren,* 469 S.W.2d 662, 663 (Mo.App.1971). Without resorting to the transcript on appeal or the argument portion of defendant's brief, which we are not obliged to do [*State v. Freeman,* 489 S.W.2d 749, 752[2] (Mo.App.1973)], we are not told by the "point" what evidence was

sought to be suppressed nor "wherein" and "why" the admission thereof allegedly violated defendant's constitutional rights. But while the "point" does not preserve or present anything for appellate review, we will briefly, nevertheless, consider it to ascertain if plain error affecting substantial rights was committed (Criminal Rule 27.-20(c), V.A.M.R.) because of the contention that defendant's federally guaranteed constitutional rights were violated. *State v. Coyne,* 452 S.W.2d 227, 228[1] (Mo.1970).

Following defendant's release on recognizance and after he had engaged defense counsel of his own choosing, defendant discussed with his attorney and a military lawyer the advisability vel non of submitting to a polygraph examination. It was decided he should take the test. Defendant's company commander notified the Criminal Investigation Division (CID) at Ft. Leonard Wood of defendant's desire. The examination was conducted 4 December 1974 without defendant's counsel present or having been notified when the test was to be administered. Upon arriving at the CID office, defendant was given and signed a written consent document to take the polygraph test. The document also informed defendant "of his rights under the Uniform Code of Military Justice and Fifth Amendment of the Constitution of the United States."

Before embarking upon the examination, the special agent who was to give the test read to defendant his "rights."[1] At the hearing on the motion to suppress, defendant testified: "I understood it to be that I didn't have to make any statements, do anything without my counsel being present." When the test was completed and defendant was advised that there "had

been some deceit" evidenced by the examination, defendant was asked if he wanted to discuss the matter further with another CID agent and the Chief of Police of Waynesville. Defendant assented and acknowledged he "voluntarily made the statements" sought to be suppressed to the second agent and chief of police. Although the chief of police did not testify at the hearing, it was stipulated that if he had been present the chief would testify that before he and the second special agent interrogated defendant, the chief "gave a Miranda Warning to defendant."

There was no error in overruling defendant's motion to suppress the testimony of the two special agents and the chief of police. It is obvious from what we have recounted of the evidence that defendant had been repeatedly and amply advised of his rights and that he voluntarily, knowingly and intelligently waived his rights. "If an accused can voluntarily, knowingly and intelligently waive his right to counsel before one has been appointed [or employed], there seems no compelling reason to hold that he may not voluntarily, knowingly and intelligently waive his right to have counsel present at an interrogation after counsel has been appointed [or employed]." *Moore v. Wolff,* 495 F.2d 35, 37[2] (8th Cir. 1974.) In an excellently written case most similar to the one now at bar, *State v. McConnell,* 529 S.W.2d 185 (Mo.App.1975), all of the points and arguments advanced by defendant on this appeal are exceedingly well met and properly dispatched. It would be sorely amiss for us to plagiarize the efforts put forth in preparing the *McConnell* opinion.

The judgment is affirmed.

All concur.

---

1. "Before I ask you any questions, you must understand your rights. You do not have to answer my questions or say anything. Anything you say or do can be used as evidence against you in a criminal trial. You have a right to talk to a lawyer before questioning or have a lawyer present with you during the questioning. This lawyer can be a civilian lawyer of your own choice, or a military lawyer, detailed for you at no expense to you. Also, you may ask for a military lawyer of your choice by name and he will be detailed for you if superiors determine he's reasonably available. If you are now going to discuss the offense under investigation, which is rape, with or without a lawyer present, you have a right to stop answering questions at any time or speak to a lawyer before answering further, even if you sign a waiver certificate. Do you want a lawyer at this time?" Defendant answered, "No."

On Motion for Rehearing or to Transfer

PER CURIAM:

■ The opinion in this case was filed June 8, 1976. Motions for rehearing must be filed within 15 days after the opinion of the court shall be filed and applications for transfer to the Supreme Court of Missouri must also be filed within 15 days of the filing date. Rules 84.17 and 83.02, V.A. M.R. Defendant's *pro se* motion for rehearing or transfer "out of time" was received and filed by the clerk of this court on June 28, 1976, well beyond the prescribed time. The 15-day limitation for filing defendant's motion is cast in mandatory language, and neither counsel nor this court is at liberty to ignore or wink at that limitation. The order of this court should be and is that defendant's purported motion for rehearing or to transfer be stricken. *Hood v. M. F. A. Mutual Insurance Company,* 379 S.W.2d 806, 813[13] (Mo.App.1964); *Hoevelman v. Reorganized Sch. D. R2 of Crawford County,* 452 S.W.2d 298, 303[9] (Mo.App.1970), and *Adams v. White,* 488 S.W.2d 289, 294[15–17] (Mo.App.1972).