Edward **FIELDS, Jr., Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 11395.

Missouri Court of Appeals,
Southern District,
Division One.

March 27, 1980.

Terry Daley, Rolla, for movant-appellant.

John D. Ashcroft, Atty. Gen., Steven W. Garrett, Asst. Atty. Gen., Jefferson City, for respondent.

**PER CURIAM:**

Appeal from denial of a motion to vacate judgment and sentence under Rule 27.26, V.A.M.R. Appellant was convicted of rape and sentenced to 25 years imprisonment. That conviction was affirmed by this court in Case No. 10099, *State v. Fields*, 538 S.W.2d 348 (Mo.App.1976).

Appellant contends: (1) the trial court should have sustained his motion because he was denied a fair trial when his trial counsel failed to investigate and interview a witness, and (2) that based upon the transcript of the proceeding on his motion in the trial court, we should reconsider our order overruling appellant's previous motion to recall the mandate issued after affirmance of the conviction.

■ Our review here is limited to a determination of whether the findings, conclusions, and judgment of the trial court are clearly erroneous. Rule 27.26(j), V.A.M.R. The appellant had the burden of establishing his grounds for relief by a preponderance of the evidence. Rule 27.26(f), V.A.M.R. Point one claims that counsel at the trial where defendant was convicted was ineffective and point two claims counsel on the appeal was ineffective. To prevail on a claim of ineffective assistance of counsel there must be a showing that the attorney failed to exercise the customary skill and diligence that a reasonably prudent attorney would perform under similar circumstances and that prejudice to the defendant thus occurred. *Seales v. State*, 580 S.W.2d 733, 736 (Mo. banc 1979). Appellant bears the heavy burden of proving unfairness resulted from alleged ineffective assistance of counsel. *Seales v. State*, supra, 580 S.W.2d at 736.

■ Appellant claims that his trial counsel was ineffective because counsel's "failure to investigate and interview Don Butler as a witness resulted in a substantial deprivation of movant's right to a fair trial." Butler was charged, together with defendant, with the rape. Butler was not tried with appellant. Appellant's trial counsel

attempted to talk to Butler but Butler's attorney refused to let him. Butler was subpoenaed for defendant's preliminary hearing and was present with counsel but chose not to testify. Appellant's trial counsel didn't recall if Butler was subpoenaed for appellant's trial but thought it unlikely that he was because Butler's counsel said that Butler was not going to testify in appellant's trial. Counsel investigated Butler's involvement through police reports and what appellant had told him. He asked Butler's attorney two or three times if he could speak to Butler or acquire his testimony and knowledge. Each time he was not permitted to interview Butler because of the pending charge. Appellant testified that he never asked his attorney to call Butler as a witness because it "wasn't necessary". He thought Butler would go to trial with him and "be an automatic witness". He said he first learned on the day of his trial that their trials "had been separated". Appellant's trial commenced March 12, 1975. The circuit clerk testified that Butler was sentenced for "breaking and entering" on January 22, 1976.

■ Counsel was denied an opportunity to interview Butler and he stated that he did make some investigation regarding him. There was no evidence that any further investigation would have benefited appellant nor is there any indication in the record that Butler would have testified favorably to appellant. Certainly counsel would not have wanted to put Butler on the witness stand without an opportunity to have talked to him as his testimony might have been harmful. In *Eldridge v. State*, 592 S.W.2d 738, 741 (Mo. banc 1979), it was held that the trial court could properly find that defendant was not denied effective assistance of counsel by his attorney's choice not to call a witness who was charged in the same robbery and who had stated he would invoke his right to silence. An assertion against counsel's choice of trial strategy with respect to calling or not calling witnesses does not establish ineffective assistance of counsel. *Eldridge v. State*, supra, 592 S.W.2d at 741.

■ To show ineffectiveness where counsel does not interview or produce certain witnesses, it must be shown that the evidence which would have been uncovered by reasonable investigation would have proved helpful to the defendant or would have turned up something which would have aided or improved the defendant's position. *Aikens v. State*, 549 S.W.2d 117, 121 (Mo. App.1977). There was no showing here that counsel did not properly attempt to interview and investigate Don Butler and there was no evidence that any investigation or testimony of Butler would have been of aid to appellant. Point one is denied.

■ Point two requests us to reconsider the order overruling appellant's motion to recall the mandate in Case No. 10099. The motion to recall the mandate was based upon ineffective assistance of counsel on appeal in not questioning the sufficiency of the evidence. Ineffective counsel on appeal is not a proper contention for a motion filed under Rule 27.26, V.A.M.R. *Hemphill v. State*, 566 S.W.2d 200 (Mo. banc 1978). Point two is thus denied.

■ Our examination of the transcript in this matter together with reexamination of the transcript in Case No. 10099 does not change our belief that the ruling on the motion to recall mandate was correct. Contrary to appellant's contention, all elements of the crime were proven and the evidence was sufficient for the jury to find defendant guilty beyond a reasonable doubt.

The judgment is affirmed.

All concur.