Omer Ray BURNS, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 11541.

Missouri Court of Appeals,
Southern District,
Division One.

June 10, 1980.

Motion for Rehearing and for Transfer
Denied June 27, 1980.

Michael Baker, Springfield, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

PER CURIAM.

Appellant filed a motion under Rule 27.-26, V.A.M.R., to vacate and set aside his conviction and sentence of five years for violating § 561.450, RSMo 1969. The trial court determined that appellant was not entitled to an evidentiary hearing and denied the motion.

Appellant's points relied on contend: (1) that the trial court erred in denying the motion without a hearing, as the motion raised an issue of fact on whether he had ineffective assistance of counsel, in failing to investigate the criminal charge and in misleading appellant into waiving his right to appeal; (2) that the trial court erred in denying his motion because the information

did not allege a crime or inform appellant of the charge against him; and (3) the trial court erred in denying his motion because he was sentenced to serve a term consecutive with the sentence of a charge on which he was still on probation.

■■■ Appellant's first point contends that he should be allowed to develop evidence to show that his attorney at the criminal trial failed to investigate the charge and misled him into waiving his right to appeal. His motion does not state what the investigation would have produced. A movant who bases a claim of ineffective assistance of counsel upon the grounds of inadequate investigation must show that a full investigation would have uncovered evidence which would have improved his trial position and that he was deprived of substantial evidence by counsel's neglect. *Cole v. State*, 573 S.W.2d 397, 401 (Mo.App. 1978). Where there is no allegation as to what the investigation would reveal, this contention can be determined from the face of the motion and no evidentiary hearing is required. *Charles v. State*, 570 S.W.2d 700, 702 (Mo.App. 1978). Appellant also contends that counsel failed to call a witness "who would have testified that the police altered the waiver of search of the house". The trial court found that the record of the criminal charge showed that the witness "claimed the Fifth Amendment" and was "inaccessible" and "unwilling" to testify and there was no prejudice to appellant in the witness not testifying. An assertion against counsel's choice of trial strategy with respect to calling or not calling witnesses, particularly those who cannot be interviewed beforehand, does not establish ineffective assistance of counsel. See *Fields v. State*, 596 S.W.2d 776, 778 (Mo. App. 1980).

The trial court determined that the record in the criminal trial "conclusively shows that movant voluntarily waived his right to appeal. . . ." and "that the court explained the rights to appeal in detail". The court stated that the record showed that "movant stated that counsel had not coerced him into the decision or talked him into it". The trial court found that the contentions regarding appellant's right of appeal were clearly refuted by the record and did not justify an evidentiary hearing.

■■■ The trial court may examine its records to determine if an evidentiary hearing is necessary. Rule 27.26(e), V.A.M.R. Where the files and records of the case conclusively show that the movant is entitled to no relief, no evidentiary hearing need be held. *Smith v. State*, 513 S.W.2d 407, 411–412 (Mo. banc 1974), cert. den. 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975). None of the record on the criminal charge has been presented to us. Having the burden of demonstrating error, it is the obligation of appellant to prepare and file a transcript which incorporates the necessary proceedings to show that the trial court erred. *Jackson v. State*, 514 S.W.2d 532, 533 (Mo. 1974). A transcript on appeal from an order denying a motion to vacate a sentence must contain all necessary material to make a determination on the issues raised, and where that information is not included, an appellate court cannot convict a trial court of error. *Garrett v. State*, 486 S.W.2d 272, 274 (Mo. 1972). Point one is denied.

■■■ Appellant's second point contends that the information did not set forth a crime and failed to inform him of the charge. The record before us does not show the information. Where an information is claimed to be defective but is not made a part of the transcript on appeal, the movant has failed to supply a proper record, and the contention must be denied. *Coleman v. State*, 473 S.W.2d 692, 697 (Mo. 1971). Point two is denied.

■■■ Appellant's third point claims that the court had no authority to order his sentence to begin at the expiration of a sentence he had not yet been ordered to start. Appellant had apparently previously been placed on probation on another charge, but it was contemplated that the probation would be revoked shortly after the sentence complained of here was ordered. Appellant contends that his sentence is indefinite and improper because it was to begin after a

sentence not yet imposed. The transcript has no record of the sentencing on either case. Those records were available to the trial court but are not before us. On the record filed here, we cannot say the trial court erred. Point three is denied.

The judgment is affirmed.

All concur.