**Edward FIELDS, Appellant,**

v.

**Donald WYRICK, Appellee.**

**No. 81–1245.**

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 3, 1983.

Decided May 23, 1983.

John Ashcroft, Atty. Gen., Michael H. Finkelstein, Asst. Atty. Gen., Jefferson City, Mo., for respondent-appellee.

Jeffrey E. Hartnett, Clayton, Mo., for Edward Fields.

Before LAY, Chief Judge, and HEANEY and ROSS, Circuit Judges.

ROSS, Circuit Judge.

This case is once again before the court for consideration of the issue of the admissibility of an inculpatory statement made by petitioner during post-polygraph test interrogation conducted in the absence of petitioner's counsel. For present purposes

---

only a brief outline of the relevant factual and procedural history is necessary.[1]

Petitioner Edward Fields, then a soldier in the United States Army, was arrested on September 25, 1974, and charged with the rape of an eighty-one year old woman. At the time of his arrest he was advised of his rights under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), including the right to have counsel present during any interrogation. Upon the advice of counsel, Fields requested a polygraph examination which was conducted on December 24, 1974. Fields' counsel was not present during the examination. Prior to administering the polygraph, a government agent gave Fields a written consent document, which Fields signed, informing him of his *Miranda* rights, and of his rights under the Uniform Code of Military Justice and the eighth amendment. In addition, the agent read to Fields a detailed statement of his rights, specifically advising him that he had the right to have an attorney present during the questioning and that: "If you are now going to discuss the offense under investigation, which is rape, with or without a lawyer present, you have a right to stop answering questions at any time or speak to a lawyer before answering further, even if you sign a waiver certificate." *State v. Fields,* 538 S.W.2d 348, 350 n. 1 (Mo.App.1976). When asked if he wanted a lawyer at that time, Fields responded, "No." *Id.*

After the polygraph examination was complete, the government agent advised Fields that the test indicated some deceit and asked him if he could explain why some of his answers were bothering him. Fields then admitted having consensual sexual intercourse with the woman on the day of the alleged rape. After being again advised of his *Miranda* rights, Fields repeated this confession to police officers.

On March 13, 1975, petitioner was convicted by a jury of rape. Fields' subsequent petition for a writ of habeas corpus under 28 U.S.C. § 2254 (1976), alleging, *inter alia,* that his conviction was based upon an involuntary confession, was denied by the district court. The majority of a panel of this court reversed the district court on the grounds that evidence which was used to convict Fields was obtained in violation of his right under the fifth amendment to have counsel present at the interrogation. *Fields v. Wyrick,* 682 F.2d 154 (8th Cir. 1982). Specifically, the majority concluded that the government had failed to prove that Fields "knowingly and intelligently waived his right to have counsel present at the post-test interrogation." *Id.* at 160. The Supreme Court granted certiorari, reversed and remanded to this court. *Wyrick v. Fields,* —— U.S. ——, 103 S.Ct. 394, 74 L.Ed.2d 214 (1982) (Per Curiam). On remand the Court apparently left open the issue of whether the post-polygraph interrogation violated petitioner's sixth amendment right to counsel. *See id.,* 103 S.Ct. at 397; *id.,* 103 S.Ct. at 400 (Marshall, J., dissenting).

■ Having granted petitioner's request to consider the sixth amendment issue, and having thoroughly reviewed the parties' briefs concerning this issue, we now hold that petitioner validly waived his sixth amendment right to have counsel present at the post-examination interrogation. Consequently, we conclude that Fields' incriminating statement was voluntary and was properly admitted at his trial.

■ We recognize that the fifth and sixth amendment rights to counsel may apply in different contexts and have different purposes. *See, e.g., Edwards v. Arizona,* 451 U.S. 477, 480 n. 7, 101 S.Ct. 1880, 1882 n. 7, 68 L.Ed.2d 378 (1981); *Rhode Island v. Innis,* 446 U.S. 291, 300 n. 4, 100 S.Ct. 1682, 1689 n. 4, 64 L.Ed.2d 297 (1980); *United States v. Surridge,* 687 F.2d 250, 253 (8th Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 465, 74 L.Ed.2d 614 (1982). We also acknowledge that in some circumstances a waiver of fifth amendment rights may not constitute a waiver of the sixth amendment

---

1. For a more thorough discussion of the facts and history of this case, see *Fields v. Wyrick,* 682 F.2d 154 (8th Cir.), *rev'd per curiam,* —— U.S. ——, 103 S.Ct. 394, 74 L.Ed.2d 214 (1982).

right to counsel. *Wyrick v. Fields, supra,* 103 S.Ct. at 400 (Marshall, J., dissenting). *See, e.g., United States v. Mohabir,* 624 F.2d 1140, 1147–48 (2d Cir.1980). However, in the context of the instant case where the defendant had previously invoked his right to counsel, it is relatively clear that the validity of any subsequent waiver of *either* the fifth or sixth amendment right to counsel is judged by essentially the same standard. To prove a waiver the government must show that under the particular facts and circumstances of the case there was a voluntary, knowing and intelligent abandonment or relinquishment of a known right or privilege.[2] *See e.g., Edwards v. Arizona, supra,* 451 U.S. at 482, 101 S.Ct. at 1883 (fifth amendment right to counsel); *Brewer v. Williams,* 430 U.S. 387, 402, 97 S.Ct. 1232, 1241, 51 L.Ed.2d 424 (1977) (sixth amendment right to counsel).

Petitioner, relying heavily on *Brewer v. Williams, supra,* argues that his sixth amendment right to counsel was violated when the interrogation at the polygraph examination went beyond the scope of an "agreement" between appellant's counsel and law enforcement officers to limit the examination to questions designed to reveal deceit. Petitioner maintains that any waiver of his right to counsel made prior to the polygraph examination must be viewed as limited to this portion of the examination, and that he did not waive his right to have counsel present during the post-test interrogation.[3] To substantiate his assertion concerning an agreement petitioner relies on a statement made by his counsel at the suppression hearing to the effect that it was counsel's and Fields' understanding that the request was only for a polygraph to be run to show deceit or nondeceit for purposes of pretrial negotiations. We cannot agree with petitioner that this statement supports the existence of any "agreement" limiting the scope of the interrogation, and we believe that petitioner's argument in this regard has already been rejected by the Supreme Court:

> The Court of Appeals stated that there was no indication that Fields or his lawyer anticipated that Fields would be asked questions after the examination. But it would have been unreasonable for Fields and his attorneys to assume that Fields would not be informed of the polygraph readings and asked to explain any unfavorable result. Moreover, Fields had been informed that he could stop the questioning at any time, and could request at any time that his lawyer join him. Merely disconnecting the polygraph equipment could not remove this knowledge from Fields' mind.

*Wyrick v. Fields, supra,* 103 S.Ct. at 396 (footnote omitted).

The record in this case discloses that Fields not only initiated a conversation with the authorities, but that "[b]y requesting a polygraph examination, he initiated interrogation." *Wyrick v. Fields, supra,* 103 S.Ct. at 396. Moreover, there is clear evidence that Fields was fully informed and under-

---

**2.** We note that this is apparently the standard employed by the Supreme Court in concluding that Fields had validly waived his fifth amendment right to have counsel present at the post-test interrogation. *See Wyrick v. Fields, supra,* 103 S.Ct. at 395–96.

**3.** In *Brewer v. Williams,* 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977), the Court held that the defendant, Williams, had not waived his sixth amendment right to have counsel present during interrogation that occurred while the defendant was being transported by authorities. The Court's conclusion that the state had failed to "prove 'an intentional relinquishment or abandonment of a known right or privilege,' " substantially rested on the fact that an undisputed agreement existed between Williams' counsel and the authorities to the effect that no interrogation would take place during the trip, and that despite this fact the authorities deliberately elicited incriminating statements from Williams without advising him that he had a right to have a lawyer present and without any "effort at all to ascertain whether Williams wished to relinquish that right." *Id.* at 404–05, 97 S.Ct. at 1242. It is relevant to note that the Court did state that it was not holding "that under the circumstances of this case, Williams *could not,* without notice to counsel, have waived his rights under the Sixth and Fourteenth Amendments." *Id.* at 405–06, 97 S.Ct. at 1242–43 (footnote omitted).

stood[4] prior to the examination that he had a right to have counsel present at the interrogation, to stop answering questions and to speak to an attorney *at any time,* and that he *expressly* waived those rights prior to the interrogation. Under these particular facts and circumstances, we must conclude that petitioner voluntarily, intelligently, knowingly and intentionally relinquished his sixth amendment right to have counsel present at the post-test questioning. Accordingly, we affirm the decision of the district court denying Fields' petition for habeas corpus relief.[5]

---

4. *See Wyrick v. Fields, supra,* 103 S.Ct. at 396; *Fields v. Wyrick, supra,* 682 F.2d at 162 (Ross, J., dissenting).

5. Fields has raised several other claims on his appeal from the denial of a writ of habeas corpus, including challenges based on ineffective assistance of counsel, improper jury selection, and lack of probable cause supporting the arrest warrant. After thorough consideration, we find these claims to be without merit.