RYDER, Judge.
Albert Bernard Green appeals from his conviction and sentence for shooting into an occupied vehicle. We affirm.
During his jury trial, Green moved to suppress statements made by him immediately after the administration of a polygraph examination. The trial court noted that Green had voluntarily signed a stipulation consenting to the polygraph examination. The court found that the post-polygraph conversation was a part of the whole examination and was covered by the stipulation. The motion for suppression was thus denied. On this appeal, Green argues that there was no valid waiver of his Miranda rights[1] and, therefore, the post-polygraph statements should have been suppressed. Particular emphasis is placed on the right to assistance of counsel. Among other cases, appellant relies upon Fields v. Wyrick, 682 F.2d 154 (8th Cir.1982).
While a violation of the right to assistance of counsel under the Sixth Amendment to the United States Constitution may often be involved in cases of this nature, there has been no showing by appellant of any improper deprivation of that right. Nor has there been a showing that the Miranda dictates have been violated. Thus, *785 the arguments presented on appeal fail to convince us that the trial court’s decision to deny the motion to suppress should be reversed.
We note that Fields v. Wyrick, supra, has been reversed by the United States Supreme Court. Wyrick v. Fields, - U.S. -, 103 S.Ct. 394, 74 L.Ed.2d 214 (1982). Through apparent oversight, both counsel for appellant Green and counsel for the state failed to discuss or even cite the decision of the United States Supreme Court. This is despite the fact that the decision was filed some three and one-half months and published some two and one-half months before the appellant’s initial brief was filed. The trial court’s decision comports with the decision of the United States Supreme Court in Wyrick v. Fields, supra. See also Fields v. Wyrick, 706 F.2d 879 (8th Cir.1983).
AFFIRMED.
OTT, C.J., and GRIMES, J., concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).