No. 83–5106. FIELDS v. WYRICK, WARDEN. C. A. 8th Cir. Certiorari denied.

JUSTICE MARSHALL, dissenting.

Last Term, this Court summarily reversed a judgment of the United States Court of Appeals for the Eighth Circuit, which ruled that petitioner's 1975 Missouri rape conviction was based on an involuntary statement taken in violation of petitioner's Fifth Amendment rights. *Wyrick* v. *Fields*, 459 U. S. 42 (1982), rev'g 682 F. 2d 154. I dissented from that summary reversal because I do not believe this Court should decide unsettled questions of constitutional law without plenary review. 459 U. S., at 50. In my dissent, I noted that, even if petitioner's statement were voluntary under the Fifth Amendment, the interrogation that produced petitioner's statement might nevertheless have violated petitioner's Sixth Amendment right to counsel. *Id.*, at 52–55.

On remand, the Eighth Circuit considered this issue and concluded that petitioner had knowingly and intelligently waived his Sixth Amendment right to have counsel present during the interrogation. 706 F. 2d 879 (1983). Because I disagree with the manner in which the Eighth Circuit analyzed petitioner's Sixth Amendment claim, I would grant certiorari and set the case for oral argument.

Petitioner, a soldier undergoing basic training in Missouri, was charged with rape. After consulting with counsel, petitioner told his company commander that he wanted to take a polygraph test. Petitioner was under the impression that if he "passed" a polygraph test, the charges against him would be dropped, and he would be permitted to graduate from basic training on schedule. 682 F. 2d, at 160, n. 10. Petitioner's counsel shared this impression and later testified that he thought "'the polygraph would have merely shown deceit or non-deceit and would have been used for the purposes of a possible pretrial negotiation.'" *Id.*, at 160. Accordingly petitioner's counsel advised him to take the test.

Days later when the test was given, petitioner's counsel was not notified. The military officer in charge of the examination simply informed petitioner of his rights to refuse to answer any questions or to have counsel present, and petitioner signed a document[1] waiving those rights. See *State* v. *Fields*, 538 S. W. 2d 348 (Mo. App. 1976). Throughout the polygraph examination, petitioner professed his innocence. After the examination was over, however, the officer administering the test informed petitioner that the machine revealed "some deceit" and asked petitioner for an explanation. The officer did not tell petitioner that the results of polygraph tests were inadmissible in Missouri courts, nor did the officer remind petitioner of his right to have counsel present during this postexamination interrogation. Petitioner then said that he had had consensual sexual relations with the rape victim on the day of the alleged rape. The officer immediately summoned the local Chief of Police. After receiving a *Miranda* warning from the Police Chief, petitioner repeated his statement. At trial, this statement was the heart of the State's successful prosecution.

---

[1] Though not identical, the document followed closely the Fifth Amendment waiver form endorsed by this Court in *Miranda* v. *Arizona*, 384 U. S. 436 (1966).

On remand from this Court's previous decision, the Eighth Circuit acknowledged the difference between the policies underlying the Fifth Amendment right to counsel and those informing the Sixth Amendment right to counsel, but asserted that "where the Defendant had previously invoked his right to counsel, it is relatively clear that the validity of any subsequent waiver of *either* the fifth or sixth amendment right to counsel is judged by essentially the same standard." 706 F. 2d, at 881 (emphasis in original). Relying on this Court's finding that petitioner's preexamination waiver of his Fifth Amendment right to counsel covered his postexamination interrogation, the Court of Appeals concluded that petitioner had simultaneously waived any Sixth Amendment right to counsel during the interrogation. *Ibid.*

As I discussed in my dissent last year, a number of courts have come to accept the view that waivers based solely on unembellished *Miranda* warnings do not necessarily satisfy "'the higher standard with respect to waiver of the right to counsel that applies when the Sixth Amendment [right to counsel] has attached.'" 459 U. S., at 55 (quoting *United States* v. *Massimo*, 432 F. 2d 324, 327 (CA2 1970) (Friendly, J., dissenting), cert. denied, 400 U. S. 1022 (1971); see, *e. g.*, *United States* v. *Mohabir*, 624 F. 2d 1140, 1151 (CA2 1980) (Government must show defendant "understood the nature and the importance of the Sixth Amendment right he was giving up"). But see *Blasingame* v. *Estelle*, 604 F. 2d 893 (CA5 1979); *Moore* v. *Wolff*, 495 F. 2d 35 (CA8 1974). In our own opinions, we have strongly intimated that waivers of the Sixth Amendment right to counsel should be measured by a stricter standard. See *United States* v. *Henry*, 447 U. S. 264, 272–273 (1980); *Brewer* v. *Williams*, 430 U. S. 387, 404 (1977); *Faretta* v. *California*, 422 U. S. 806, 835 (1975).[2]

While acknowledging this widely held view of the Sixth Amendment waiver, the Eighth Circuit determined that the higher standard of Sixth Amendment waiver applies only until a defendant has obtained counsel. The Court of Appeals provided no explanation of why the Sixth Amendment waiver standard should decline once counsel is appointed, and I can see no justification in law

---

[2] See also Note, Sixth Amendment Right to Counsel: Standards for Knowing and Intelligent Pretrial Waivers, 60 B. U. L. Rev. 738 (1980); Note, Proposed Requirements for Waiver of the Sixth Amendment Right to Counsel, 82 Colum. L. Rev. 363, 365–370 (1982).

or in practice for its ruling.[3]  Certainly, the mere appointment of counsel does not significantly affect a criminal defendant's capacity to make an informed choice about waiving the right to counsel.  One or two conferences with counsel rarely make a criminal defendant more sophisticated about the importance of obtaining legal advice during the skirmishing antecedent to a criminal prosecution.

In my view, the Eighth Circuit erred in ruling that a criminal defendant waives his Sixth Amendment right to counsel simply by answering questions after being given a *Miranda* warning.  Had the Eighth Circuit applied the higher standard of Sixth Amendment waiver endorsed by the Second Circuit in *United States* v. *Mohabir, supra,* at 1150, there is a substantial probability that the government would not have been able to show petitioner's implied waiver to be a valid relinquishment based on a full comprehension of the consequences.  See *Johnson* v. *Zerbst,* 304 U. S. 458, 464 (1938).  Since the Eighth Circuit's decision is inconsistent with the views of several other Circuits and since this inconsistency may have been dispositive in petitioner's case, I would grant the petition.

---

[3] Indeed, the Seventh Circuit has concluded that "there is a higher standard imposed to show waiver of the presence of counsel once counsel has been appointed."  *United States* v. *Springer,* 460 F. 2d 1344, 1352, cert. denied, 409 U. S. 873 (1972); see also *United States* v. *Patman,* 557 F. 2d 1181, 1182, n. 1 (CA5 1977).