**The STATE of Utah, Plaintiff and Respondent,**

v.

**Jay Richard NEWTON, Defendant and Appellant.**

**No. 18987.**

Supreme Court of Utah.

May 1, 1984.

Edward K. Brass, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., J. Stephen Mikita, Asst. Atty. Gen., T.J. Tsakalos, Salt Lake City, for plaintiff and respondent.

STEWART, Justice.

The defendant, Jay Newton, was tried and convicted of forgery. At trial the defendant moved to suppress a sample of defendant's handwriting on the ground that in obtaining it the police had violated defendant's constitutional right to have an attorney present when the sample was sought and given. The trial court denied the motion. We affirm.

The following facts are undisputed by the defendant. On January 19, 1982, the defendant was arrested for aggravated robbery and was incarcerated in the Salt Lake County jail. He requested counsel, and an attorney was appointed to his case.

On April 14, 1982, Albert Nortz, a Sandy City police officer, visited the defendant at the jail. Nortz had been investigating a forgery case and suspected the defendant of being involved. Nortz first read the defendant his rights under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). The defendant acknowledged that he understood each of the rights read to him and said he would be willing to talk to Nortz without having an attorney present.

Nortz then showed two checks to the defendant and asked if the defendant had passed or forged the checks. The defendant replied that he had not forged the checks and that he knew nothing about the checks. Nortz asked the defendant to provide a handwriting exemplar and explained that the exemplar would be compared with the handwriting on the checks. Also, he told the defendant that he had a right to refuse to provide the exemplar. The defendant said that he had nothing to hide and provided the exemplar that was later introduced as evidence at trial. On appeal, the defendant argues that his constitutional right to have counsel present was violated.

Under the Fifth Amendment privilege against self-incrimination, a person in custody of the police has a constitutional right to have an attorney present during an in-custody questioning. *Edwards v. Arizona,* 451 U.S. 477, 101 S.Ct. 1880, 68 L.Ed.2d 378 (1981); *Miranda v. Arizona, supra.* Waiver of that right must be not only voluntary, but must also constitute a knowing and intelligent relinquishment of that right. *Edwards v. Arizona, supra; Johnson v. Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). *See Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *North Carolina v. Butler,* 441 U.S. 369, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979); *Brewer v. Williams,* 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977).

In the instant case, the defendant, after his *Miranda* rights were again read to him, voluntarily, knowingly, and intelligently waived his right to counsel when confronted with the checks and asked for a writing sample. The defendant's *Miranda* rights

were read to him, and the defendant specially waived the right to have his attorney present.

■ Notwithstanding the above, the defendant argues that under *Edwards v. Arizona, supra,* Nortz should not have questioned him nor requested a handwriting exemplar without an attorney present because of his earlier request for the assistance of counsel with respect to the aggravated robbery charge for which he was being held.[1]

In *Edwards,* the police questioned the defendant while he was in custody and requested that he make a deal. The defendant stated that he wanted to consult an attorney before entering into any agreement. For the rest of that day the police ceased questioning the defendant, but the next morning they again sought to make a deal, even though no attorney was present. The prisoner relented, made some incriminating statements, and at trial moved to suppress those statements.

The Supreme Court ruled that the defendant's statements should have been suppressed. It stated:

> [W]e ... hold that when an accused has invoked his right to have counsel present during custodial interrogation, a valid waiver of that right cannot be established by showing only that he responded to further police-initiated custodial interrogation even if he has been advised of his rights .... [A]n accused, such as Edwards, having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police.

*Edwards v. Arizona,* 451 U.S. at 484–85, 101 S.Ct. at 1885. The *Edwards* rule is essentially "a prophylactic rule, designed to protect an accused in police custody from being badgered by police officers in the manner in which the defendant in *Edwards* was." *Oregon v. Bradshaw,* —— U.S. ——, 103 S.Ct. 2830, 2834, 77 L.Ed.2d 405 (1983) (plurality opinion).

In *Wyrick v. Fields,* 459 U.S. 42, 103 S.Ct. 394, 74 L.Ed.2d 214 (1982) (per curiam), the Court clarified the holding in *Edwards* by explaining that the rule established in *Edwards* is not a *per se* rule but requires a consideration of the totality of the circumstances to determine if a defendant should have been re-advised of his rights prior to additional questioning. *See also United States v. Gillyard,* 726 F.2d 1426 (9th Cir.1984).

In *Michigan v. Mosley,* 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975), the Supreme Court held that when a person in custody is given a *Miranda* warning and he requests that the questioning cease, the police may not then question the prisoner about an unrelated crime unless a significant period of time has passed and another complete *Miranda* warning is given. However, the Court stated that "[no] passage in the *Miranda* opinion can sensibly be read to create a *per se* proscription of indefinite duration upon any further questioning by any police officer on any subject, once that person in custody has indicated a desire to remain silent." *Id.* at 102–03, 96 S.Ct. at 326.

The rules established in *Wyrick* and *Mosley* control the instant case, even though *Mosley* concerned the right to remain silent and not the right to have an attorney present during questioning, which is what is at stake in the instant case.

■ The instant case is distinguishable from *Edwards.* Here counsel had been

---

1. Although the defendant premises his argument on the Sixth Amendment right to counsel, which attaches when an accused has been indicted or criminal proceedings have otherwise begun, his reliance on *Edwards v. Arizona* implies that he actually asserts his Fifth Amendment right to have counsel present during a custodial interrogation. *Edwards* was explicitly decided on the Fifth, not Sixth, Amendment.

451 U.S. at 480–82 & n. 7, 101 S.Ct. at 1882–83 & n. 7. We therefore do not decide whether Newton was denied his Sixth Amendment right to counsel. *But see Gilbert v. California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), which holds that the taking of handwriting exemplars is not a "critical" stage of criminal proceedings entitling a defendant to the assistance of counsel under the Sixth Amendment.

made available to the defendant between the time of the first and second questionings, a period of some three months. With an attorney assigned to his case and the *Miranda* warning having been repeated, the defendant could have requested the presence of his attorney during the questioning. Defendant waived his right to have his counsel present during an interrogation. *See Moore v. Wolff,* 495 F.2d 35 (8th Cir.1974).

Furthermore, the questioning in this case was not, as in *Edwards,* a renewed attempt to question the defendant about the charge for which he had been arrested. The forgery investigation was unrelated to the charge on which the defendant was held and the defendant was advised of his rights to remain silent and to have an attorney present prior to the questioning in both cases. There was no evidence of badgering. In sum, there is no basis for defendant's claim that his rights were violated.

The defendant also argues that his right under Article I, § 12 of the Utah Constitution (privilege against self-incrimination) was violated. Whatever the scope of that right, the defendant also waived it.

Affirmed.

HALL, C.J., and OAKS, HOWE and DURHAM, JJ., concur.