2000 OK CR 16

**Raymond Joe WOOD, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–99–870.**

Court of Criminal Appeals of Oklahoma.

Sept. 5, 2000.

Rehearing Denied Oct. 10, 2000.

O. Ronald McGee, Ponca City, Attorney for Defendant at Trial.

Lisa Goodspeed Tate, Assistant District Attorney, Newkirk, Attorney for State at Trial.

Thomas Purcell, Indigent Defense System, General Appeals Division, Norman, Attorney for Appellant on Appeal.

W.A. Drew Edmondson, Attorney General, Patrick T. Crawley, Assistant Attorney General, Oklahoma City, Attorneys for Appellee on Appeal.

## SUMMARY OPINION

CHAPEL, Judge:

¶ 1 Raymond Joe Wood was tried by jury and convicted of Indecent Exposure in violation of 21 O.S.1991, § 1021(A)(1), after former conviction of two felonies, in the District Court of Kay County, Case No. CF–95–350. In accordance with the jury's recommendation, the Honorable D.W. Boyd sentenced Wood to two hundred (200) years imprisonment and a fine of ten thousand ($10,000.00) dollars. Wood has perfected his appeal of this conviction.

¶ 2 Wood raises the following propositions of error:

I. Mr. Wood was deprived of a fair trial on the issue of punishment when the trial court directed a verdict on the issue of Mr. Wood's alleged prior convictions and instructed on two prior convictions when the second alleged prior conviction had been previously stricken and when the prosecutor appealed to societal alarm, garnered sympathy for the victim and raised the issue of parole.

II. The trial court erred in allowing the preliminary hearing testimony of Amanda to be admitted into evidence.

III. The trial court erred by admitting a confession which was secured through a violation of Mr. Wood's right to assistance of counsel.

IV. Appellant was denied a fair trial when the trial court improperly admitted hearsay testimony under 12 O.S.Supp.1992, § 2803.1.

V. The trial court erred in failing to address Mr. Wood's motion to dismiss his attorney.

¶ 3 After thoroughly considering the entire record before us on appeal, including the original record, transcripts, briefs, and exhibits, we find that reversal is required under Proposition III and that the case must be remanded for a new trial. We do not address the other propositions of error raised on appeal.

 ¶ 4 Wood and his counsel agreed to a polygraph examination to be conducted by the O.S.B.I. Wood's counsel accompanied him to the polygraph session but was excluded from the examination room because O.S.B.I. policy prohibited counsel's presence. Counsel waited outside. After the polygraph examination was concluded, and while counsel was still outside, an O.S.B.I. agent *Mirandized* Wood and then questioned him, successfully obtaining an incriminating statement which was admitted against him at trial. This procedure violated Wood's Sixth Amendment right to counsel and admitting this illegally obtained statement requires reversal.

■ ¶ 5 In *Wyrick v. Fields,*[1] the defendant agreed to a polygraph examination and attended the exam without counsel. Here counsel was present and was excluded from the session. Wood and his attorney had agreed to a polygraph exam and it follows that anything Wood said during the exam could be used against him. However, nothing in this record indicates that Wood agreed to post-polygraph interrogation without counsel.[2]

■ ¶ 6 Additionally, *Brewer v. Williams*[3] holds that an individual against whom adversary proceedings have begun has the right to legal representation during governmental interrogations.[4] The State has the burden of proving that the accused knowingly and intentionally relinquished or abandoned that right in order to introduce into evidence incriminating statements made outside the presence of counsel.[5] In *Brewer,* the United States Supreme Court found that the accused did not relinquish his rights to counsel and therefore the incriminating statements were not admissible since they were obtained in violation of the accused's constitutional rights.[6] The Court reasoned that one cannot unintentionally waive one's Sixth Amendment rights to counsel during government interrogation by merely agreeing to limited and specific contact with police outside the presence of counsel. In *Brewer,* the accused agreed only to transportation outside the presence of counsel, not to questioning conducted during the ride.[7]

■ ¶ 7 Wood agreed to a polygraph exam outside the presence of counsel but not to post-exam interrogation without counsel.

Wood's consent was limited and his counsel should have been present for any questioning following the conclusion of the polygraph exam absent a waiver. The accused and his attorney should execute a waiver of the right to counsel prior to a polygraph exam.[8] For an informed waiver, law enforcement must disclose the complete parameters of the polygraph examination and any statements obtained outside the scope of the waiver are inadmissible. Here, the police exceeded their agreement with Wood and his attorney and Wood's confession is inadmissible.

## Decision

¶ 8 The Judgement and Sentence of the lower court is **REVERSED** and **REMANDED** for a new trial.

STRUBHAR, P.J., and JOHNSON, J., concur.

LUMPKIN, V.P.J., and LILE, J., dissent.

LUMPKIN, Vice Presiding Judge: dissenting.

¶ 1 The Court's opinion cites to *Wyrick v. Fields,* 459 U.S. 42, 103 S.Ct. 394, 74 L.Ed.2d 214 (1982), and *Young v. State,* 1983 OK CR 126, ¶ 13, 670 P.2d 591, 594 in reversing Appellant's conviction. This is curious, for *Wyrick v. Fields* and *Young* do not further Appellant's cause on appeal. Had these cases been properly applied, Appellant's conviction for indecent exposure, after former convictions for lewd molestation and making lewd or indecent proposals to a child under sixteen, would surely stand.[1]

1. *Wyrick v. Fields,* 459 U.S. 42, 103 S.Ct. 394, 74 L.Ed.2d 214 (1982).

2. As a general rule, a confession obtained in anticipation of, during, or following a polygraph examination is not inadmissible. *Young v. State,* 1983 OK CR 126, ¶ 13, 670 P.2d 591, 594.

3. *Brewer. v. Williams,* 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977).

4. *Brewer,* 430 U.S. at 401, 97 S.Ct. at 1240.

5. *Brewer,* 430 U.S. at 404, 97 S.Ct. at 1242.

6. *Brewer,* 430 U.S. at 404, 97 S.Ct. at 1242.

7. *Brewer,* 430 U.S. at 404, 97 S.Ct. 1232, 1242, 51 L.Ed.2d 424.

8. To provide a clear record, it would be a better practice to have a written waiver.

1. *See also Fields v. Wyrick,* 464 U.S. 1020, 104 S.Ct. 556, 78 L.Ed.2d 728 (1983), in which the Court denied certiorari of the same case, on remand, after the Eighth Circuit found the defendant had knowingly and voluntarily waived his Sixth Amendment rights in conjunction with his post-polygraph interrogation. *See also, Fields v. Wyrick,* 706 F.2d 879 (8th Cir.1983). Furthermore, *Brewer v. Williams,* 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977), decided five years

¶ 2 The opinion acknowledges Appellant waived his right to counsel during the polygraph exam, but then states, "nothing in this record indicates that Wood agreed to post-polygraph interrogation without counsel." This precise issue was raised and rejected by the United States Supreme Court in *Wyrick v. Fields*.

¶ 3 In *Wyrick v. Fields*, the Eighth Circuit Court of Appeals had previously reversed the defendant's conviction on the basis that the State had failed to prove the defendant knowingly and intelligently waived his right to have counsel present at the post-polygraph interrogation. The Supreme Court found the Court of Appeals had failed to examine the "totality of the circumstances." The Supreme Court reversed the case, stating:

> The Court of Appeals relied on two facts indicating the need for a new set of warnings: the polygraph examination had been discontinued, and Fields was asked if he could explain the test's unfavorable results. To require new warnings because of these two facts is unreasonable. Disconnecting the polygraph equipment effectuated no significant change in the character of the interrogation. The CID agent could have informed Fields during the examination that his answers indicated deceit; asking Fields, after the equipment was disconnected, why the answers were bothering him was not any more coercive. The Court of Appeals stated that there was no indication that Fields or his lawyer anticipated that Fields would be asked questions after the examination. But it would have been unreasonable for Fields and his attorneys to assume that Fields would not be informed of the polygraph readings and

asked to explain any unfavorable result. Moreover, Fields had been informed that he could stop the questioning at any time, and could request at any time that his lawyer join him. Merely disconnecting the polygraph equipment could not remove this knowledge from Fields' mind.

*Wyrick v. Fields*, 459 U.S. at 47–48, 103 S.Ct. at 396. The same logic applies here.

¶ 4 Here, the record reveals Appellant requested the polygraph examination. His attorney consented to this procedure, and Appellant signed a *Miranda* waiver prior to the interview. Appellant was advised of his right to have counsel present during the examination. He did not request counsel to be present, nor did his counsel ask to be present. Thus, Appellant's counsel was not "excluded" from the examination room, as the opinion suggests. The record reveals the polygraph examiner had allowed the presence of counsel during other tests, upon request from counsel.

¶ 5 Appellant did not merely initiate a meeting. He initiated an interrogation. That is, he "waived not only his right to be free of contact with the authorities in the absence of an attorney, but also his right to be free of interrogation about the crime of which he was suspected." *Id.*, 459 U.S. at 47, 103 S.Ct. at 396. Furthermore, in light of *Wyrick v. Fields* and *Young*, it was unreasonable for Appellant's attorney to simply assume the examiner would not apprise Appellant of the results and ask him to explain an unfavorable result.[2]

¶ 6 There is no allegation here, much less proof, that the examiner went beyond the parameters of his agreement for a polygraph

---

prior to *Wyrick v. Fields*, is clearly distinguishable.

2. The examiner's post-examination interrogation was not coercive in nature, as the techniques used in *Young* were. *See* 10–10–96 Tr. at 18. In *Young*, the examiner apparently told the defendant that he could get detectives "working for him", that he could "get the people on his side", i.e., the jury, and that he could receive "sympathy" and forgiveness by confessing. He also appears to have told the defendant that, absent a confession, the detectives would work against him "trying to build up a case of cold-blooded murder." *Young*, 1983 OK CR 126, ¶ 16, 670

P.2d at 594. In addition, it should be noted the facts in *Young* are unique. The defendant in *Young* was taken into custody as a material witness. The police failed to comply with the statutory requirements for taking a material witness before a district judge "without unnecessary delay," and this failure was a relevant factor in adjudicating the voluntary nature of the interrogation. Further, *Young* is a case relating to the Fifth Amendment right to counsel rather than Sixth Amendment rights. And, in the present case, Wood's attorney agreed to the interrogation.

examination. The Court should restrain itself by applying the law to the facts in this case rather than assuming an *in loco parentis* role for the benefit of the Appellant and his attorney. Applying the law to the facts, I must therefore dissent to the Court's decision to reverse Appellant's conviction and remand for a new trial.

LILE, Judge: dissents.

¶ 1 In this case, Appellant agreed to undergo a polygraph examination. His lawyer went with him and they consented to examination without the lawyer present. Appellant was advised of his *Miranda* rights, in his lawyer's presence, and waived his Fifth Amendment right to remain silent and his Sixth Amendment right to be represented by his attorney during the examination. The lawyer did not ask to stay and he was not purposefully excluded. At the close of the examination, the examiner asked Appellant if he could explain a deceptive result. Appellant's explanation amounted to a statement against interest. Appellant even wrote the District Attorney a note containing the incriminating statements as the examiner packed up the polygraph equipment. No one even suggests that the incriminating statements herein were coerced in any way or involuntary. The United States Supreme Court said in *Wyrick v. Fields,* 459 U.S. 42, 47, 103 S.Ct. 394, 396, 74 L.Ed.2d 214, 219: "But it would have been unreasonable for Fields and his attorney's to assume that Fields would not be informed of the polygraph readings and asked to explain any unfavorable result." In this case, the polygraph examiner did not specifically state to Appellant's lawyer that Appellant would be given the opportunity to explain a deceptive result. This Court puts the risk of the omission upon the State. In accordance with the ruling of the U.S. Supreme Court, I would put that risk upon Appellant. Exclusion of this evidence, under the facts of this case, is not constitutionally required and, further, is not proper or appropriate.