STATE of Missouri, Respondent,

v.

Johnnie Hays WILLIAMS, Appellant.

No. 50993.

Missouri Court of Appeals,
Eastern District,
Division One.

June 2, 1987.

Stormy B. White, Asst. Public Defender, Clayton, for appellant.

William L. Webster, Atty. Gen., Colly Frissell-Durley, Asst. Atty. Gen., Jefferson City, for respondent.

SATZ, Presiding Judge.

Defendant Johnnie Hays Williams was convicted by a jury of burglary in the first degree and robbery in the second degree. §§ 569.160 and 569.030 RSMo.1986. Defendant was sentenced as a persistent offender to twenty years imprisonment on each offense, the sentences to run concur-

rently. Defendant appeals. We reverse and remand with directions.

Defendant raises two points on appeal. He argues the trial court improperly permitted an in-court identification tainted by impermissibly suggestive pretrial procedures. He also argues the trial court committed plain error in failing to declare a mistrial when the prosecutor used her peremptory challenges to exclude all members of his race from the petit jury. The disposition of the latter issue requires this cause to be reversed and remanded; therefore, we do not address defendant's other point on appeal.

■ It is now a violation of the Equal Protection Clause for a prosecutor to purposely practice racial discrimination in exercising his or her peremptory challenges in a criminal case. *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 1715–1725, 90 L.Ed.2d 69 (1986); U.S. Const. amend. XIV, § 1. *Batson* applies retroactively to "all cases, state or federal, pending on direct review or not yet final" at the time *Batson* was decided. *Griffith v. Kentucky,* — U.S. —, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987). Defendant's case was pending on appeal at the time *Batson* was decided, and, thus, *Batson* should apply to the present case. *Griffith, supra.*

■ Defendant did not raise the *Batson* issue as an assertion of error in his motion for a new trial. He raises this issue on appeal, however, as plain error. Rule 30.-20. A violation of a defendant's constitutional rights can be raised and considered as plain error on appeal. *See, e.g., State v. Groves,* 646 S.W.2d 82, 83 (Mo. banc 1983); *State v. Coyne,* 452 S.W.2d 227, 228 (Mo. 1970). Thus, we consider the *Batson* issue here as plain error.

The narrow issue before us is whether defendant made an adequate record at trial to raise the *Batson* issue. In *State v. Antwine,* No. 67720 (Mo. banc February 17, 1987), our Supreme Court envisaged at least three types of trial records which might confront the appellate courts when addressing the question of whether the

*Batson* issue was properly raised in a case tried before *Batson:*

. . . . .

"First, there are those cases in which no reference is made in the trial court to alleged discriminatory utilization of peremptory challenges at the time of jury selection."

. . . .

"A second scenario arises where a prefunctory [sic] or non-specific objection is made to the state's use of peremptory challenges."

. . . .

"The third situation is that found in *Batson* and *Griffith,* where the record indicates that a defendant made a specific objection and made or attempted to make a record which establishes the necessary facts to support a *Batson* challenge to a petit jury." *Id.*

Neither of the first two scenarios requires a remand and hearing to determine whether there was purposeful discrimination. *State v. Antwine, supra.* The third scenario does require a remand for hearing to determine whether *Batson* requires a reversal and retrial. *State v. Antwine, supra.* The present record reflects the third scenario.

In *Batson,* the Court stated a defendant may establish a prima facie case of purposeful discrimination in the selection of the petit jury by showing:

"he is a member of a cognizable racial group ..., and that the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant's race. Second, [he] is entitled to rely on the fact, ..., that peremptory challenges constitute a jury selection practice that permits 'those to discriminate who are of a mind to discriminate.' ... Finally, [he] must show that these facts and any other relevant circumstances raise an inference that the prosecutor used that practice to exclude the veniremen from the petit jury on account of their race." *Id.* at 1723.

The indictment here identifies defendant as a "negro male". This establishes de-

fendant is "a member of a cognizable racial group". The record also shows the prosecuting attorney used her peremptory challenges to remove all blacks from the venire. This apparently assured an all white petit jury. Defense counsel objected to this, requested a mistrial and the request was denied:

> [DEFENSE COUNSEL]: Your Honor, at this point, by stipulation—
> Your Honor, I had indicated to the court that the prosecuting attorney had struck all the blacks on the jury panel and that we are objecting to that. And by stipulation, the prosecuting attorney agreed that we could make our objection at this point in the trial, and it would be, be preserved. Is that correct?
>
> [PROSECUTOR]: That's correct.
>
> THE COURT: You may proceed.
>
> [DEFENSE COUNSEL]: So for that reason I would ask for a mistrial at this time for the reason that the state had struck all the black jury panel members.
>
> THE COURT: All right. I'll overrule that motion for mistrial.

This basically was the record before the Supreme Court in *Batson*. In *Batson*, the defendant was "a black man". *Batson, supra* at 1715. "The prosecutor used his peremptory challenges to strike all four black persons on the venire, and a jury composed only of white persons was selected." *Id.* at 1715. The defendant's motion to discharge the jury was denied by the trial court without a hearing. *Id.* at 1715. The Supreme Court remanded the cause to permit the defendant to establish a prima facie showing of discriminatory conduct by the prosecutor. *Id.* at 1725. We can do no less.

▆ Admittedly, we have the record of the voir dire examination before us, and neither the *Batson* opinion nor the *Antwine* opinion indicates whether a comparable record was before the court. That difference is not determinative and may not even be relevant to the narrow issue now before us. The present cause was pending on appeal at the time *Batson* was decided.

On these facts, we do not read *Batson* or *Antwine* as establishing as a prerequisite to remand a trial record showing a prima facie case of discriminatory practice by the prosecutor; rather, we believe the record simply must show the defendant attempted to establish a prima facie case of discrimination and was foreclosed from doing so without a hearing.

Accordingly, we remand this cause to the trial court. On remand, the trial court is ordered to conduct an evidentiary hearing for the purpose of determining the validity of defendant's constitutional claim under *Batson*. After the hearing, the trial court is to render findings of fact and conclusions of law as to whether defendant has established a prima facie case of purposeful discrimination and whether the State has presented a neutral explanation for using its peremptory challenges to strike black veniremen. The trial court is to certify to this Court its record of the hearing, including its findings of fact and conclusions of law. Upon receipt of the trial court's certified findings and conclusions, this Court will take appropriate action consistent with the requirements of *Batson*.

KELLY, J., concurs.

CRIST, J., dissents, in separate dissenting opinion.

CRIST, Judge, dissenting.

I dissent. The court in *State v. Antwine*, No. 67720 (Mo. banc February 17, 1987) envisioned three types of cases where the preservation of the *Batson* issue for appeal might arise. All of these situations centered on the adequacy of the objection made at trial. In order for the issue to be preserved, *Antwine* requires the defendant to have made a specific objection at trial or have made an attempt to make a record at trial which establishes the necessary facts to support a *Batson* challenge.

In the present case, an objection was made at trial. The objection was not, however, renewed in the motion for a new trial. In pertinent part, Rule 29.11(d) provides: "allegations of error to be preserved for appellate review must be included in a mo-

tion for a new trial." I find no special circumstances that would affect the application of this rule. *Antwine* has required specific actions be taken at trial to preserve the *Batson* issue. Requiring defendant to follow general *post-trial* rules concerning preservation of issues after he has been required to make objections *at trial* is not an undue burden.